### W. S. HASSELL & CO. v. DANIELS' ROANOKE RIVER LINE STEAMBOAT COMPANY.

(Filed 24 February, 1915.)

**1. Appeal and Error—Process—Parties.**

Where an action is commenced in the court of a justice of the peace and summons is erroneously served on one as agent for a certain corporation, and on appeal to the Superior Court an order is entered to make the corporation a party, but summons is not accordingly served, a judgment rendered against the corporation will be set aside on appeal unless the corporation defendant has entered an appearance, denied liability, or in some manner has waived the lack of proper service.

**2. Same—Courts—Presumptions.**

Every intendment and presumption on appeal is in favor of the validity of the judgment of the Superior Court appealed from; and where it appears that summons had not been served on the defendant, and it entered a general as well as a special appearance for the purpose of dismissing the action, without showing which was done first, and judgment has been rendered against it, it will be presumed that by a general appearance first entered the right to dismiss upon the special appearance had been lost.

APPEAL by defendant from *Ferguson, J.,* at September Term, 1914, of MARTIN.

Action to recover value of a bale of cotton, which was commenced before a justice of the peace and heard on appeal in the Superior Court.

The summons was issued against and served on J. L. Davenport, agent for the Daniels Roanoke River Line Steamboat Company.

Judgment was rendered in favor of the plaintiff before the justice of the peace, and the defendant appealed.

In the Superior Court an order was made that the Daniels Roanoke Steamboat Company be made a party defendant, and said company was entered upon the record as a defendant, but no summons was issued.

The case on appeal to this Court is entitled *Hassell v. Daniels' Roanoke River Line Steamboat Company,* and it states that the case was tried "on an appeal by defendant from the justice of the peace's court to recover the sum of sixty dollars ($60) for the loss of one bale of cotton. The defendant denied owing the plaintiff anything. The pleadings will show the contentions fully of the parties.

"Before the trial began, the defendant company, through its attorneys, Martin & Martin and B. A. Critcher, made a motion to dismiss the proceedings, and they made a special appearance to make this motion, and same was entered of record, for the reason that no summons has ever been issued against Daniels' Roanoke River Line, and none has ever been served upon the defendant, but summons was only issued and served upon J. L. Davenport, agent.

"Motion overruled and exception taken by defendant."

Both parties introduced evidence, and a verdict was rendered in favor of the plaintiff and judgment entered accordingly, from which the plaintiff appealed.

*No counsel for plaintiff.*
*Martin & Martin and B. A. Critcher for defendant.*

ALLEN, J. If there was nothing in the record except that summons issued against and was served upon J. L. Davenport, agent for the Daniels Roanoke River Line Steamboat Company, we would not hesitate to set aside the judgment rendered against the company upon the ground of want of jurisdiction of the party—the corporation (*Mauney v. The High Shoals Manufacturing Co.,* 39 N. C., 196; *Young v. Barden,* 90 N. C., 424); but it also appears that the company was entered on the record as a party and that it filed a plea denying liability, and it nowhere appears that this was not done before the attempt to enter a special appearance for the purpose of the motion to dismiss because no process had been served. The filing of the plea denying liability was an appearance by the corporation, and, if made before the motion to dis-

miss, gave to the court as full jurisdiction of the party as if a summons had been regularly issued and served (*Wheeler v. Cobb,* 75 N. C., 25; *Scott v. Life Assn.,* 137 N. C., 515; *Rackley v. Roberts,* 147 N. C., 207), and as every intendment and presumption is in favor of the validity of the judgment and the jurisdiction of the court, it must be assumed that the plea was entered and after that time the motion to dismiss made. *Mauney v. Gidney,* 88 N. C., 204; *Settle v. Settle,* 141 N. C., 573; *Spillman v. Williams,* 91 N. C., 487.

There is nothing in the record to rebut this presumption in favor of the judgment, and the form of the motion to dismiss strongly corroborates it, because it is made upon the ground that no summons has ever been issued or served, and not upon the ground that there has been no appearance.

We are therefore of opinion that the motion to dismiss was properly overruled, and as there is no other exception relied on, the judgment is affirmed.

No error.