GREEN, APPELLANT, *v.* ESSINGER, APPELLEE.[*]
BROWNING, APPELLANT, *v.* ESSINGER, APPELLEE.[*]

(Nos. 574 and 575—Decided May 9, 1956.)

*Messrs. Moan & Andrews,* for appellants.
*Mr. Marcus C. Downing,* for appellees.

MIDDLETON, J.   Since both of these cases grow out of the same event and the questions submitted on appeal are identical, they will be considered together and referred to in the singular.

Each action is brought to recover damages from the defendant for injuries alleged to have been received by plaintiff as the result of an automobile accident.   The accident is alleged to have occurred on November 12, 1953.   Plaintiff filed the petition on November 10, 1955.   On the last page of the petition, after the verification thereof by plaintiff, appears a praecipe for summons, as follows:

[*]Motion to certify the record dismissed, October 3, 1956.

"To the clerk of said court:

"Please issue summons for service on the defendant herein, returnable according to law; Endorse same, 'Action for money only, amount claimed Twenty-five Thousand Dollars ($25,000) and costs.'

"Moan and Andrews
"By: Harold C. Moan,
"Attorneys for Plaintiff."

Summons was issued pursuant to this praecipe, and service was made upon the defendant. The defendant filed a motion to quash the service of summons for the reason that the praecipe directing the clerk to issue the same did not comply with Section 2703.02 of the Revised Code and that by reason thereof this court does not have jurisdiction of the defendant and the cause. The court, upon passing on the motion to quash, found that the motion was well taken, and the service of summons was quashed, vacated and held void. The journal entry quashing the service of summons did not dismiss the petition. From that order plaintiff appealed on questions of law.

Defendant filed a motion to dismiss the appeal for the reason that the order appealed from is not a final order, the petition not being dismissed.

Section 2505.02, Revised Code, defines as follows what is a final order:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order vacating or setting aside a judgment and ordering a new trial is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial.

"When a court makes such an order granting a new trial, setting aside or vacating a judgment, the court upon the request of either party, shall state in the order the grounds upon which the new trial is granted and the judgment vacated or set aside."

The accident which is the basis of this action occurred November 12, 1953. Suit was filed November 10, 1955, two days before the expiration of the statute of limitations governing the

action. The motion to quash was filed December 10, 1955, and sustained by journal entry filed January 10, 1956.

The quashing of the service of summons in effect did determine the action of the plaintiff and prevented a judgment. The court's order quashing the service of summons was final as to plaintiff's right of action. The statute of limitation of two years, within which plaintiff could commence his action, had expired, and plaintiff was left without a remedy.

If a motion to quash is based upon failure of service or upon some irregularity in the service, the sustaining of the motion to quash without dismissing the petition is not a final order from which appeal will lie. In the instant case it is not claimed there was any defect or irregularity in the service.

It is the opinion of the court that the rule as enounced in *Uthoff* v. *DuBrie*, 62 Ohio App., 285, 23 N. E. (2d), 854, applies. The motion to dismiss the appeal is overruled.

The basis of defendant's motion to quash the service of summons is the claim that Section 2703.02, Revised Code, was violated by plaintiff failing to state in the praecipe for summons the names of the parties to the action.

The title of the case, setting out the name of the plaintiff and the name of the defendant, is found at the heading of plaintiff's petition. The praecipe in this case was written upon the last page of the petition, following the verification. This praecipe is addressed "to the clerk of said court" and directs that he issue summons for service on the defendant "herein." The purpose of the praecipe is to give the necessary information to the clerk in preparing the summons, and is also his authority for issuing the summons.

The names of the parties are set out in the heading of the petition, and while the praecipe is not in strict compliance with the law it is a substantial compliance therewith. The praecipe does not bring the defendant within the jurisdiction of the court, does not commence the action, and the rights of the defendant are in no way controlled by the praecipe. It is doubtful whether a total failure to file a praecipe would in any way affect the service of summons if a summons were served upon a defendant and was complete as to form and substance.

The requirements of Section 2703.02, Revised Code, are

directory and not mandatory, although a clerk can refuse to issue a summons unless the section is complied with.

Section 2703.01, Revised Code, provides that a civil action must be commenced by filing in the office of the clerk of the proper court a petition and causing a summons to issue thereon.

In the instant case the petition was filed and summons was caused to be issued thereon. A summons, proper in form and substance, was served upon the defendant. Failure to name the parties in the praecipe did not affect any substantial right of the defendant.

By the specific provisions of Section 2309.59, Revised Code, the court, in every stage of an action, must disregard any error or defect in the pleadings or proceedings which does not affect a substantial right of the adverse party.

The order of the court quashing the service of summons was prejudicial error. The judgment is reversed, and the cause remanded with instructions to overrule the motion to quash the service of summons and for such further proceedings as are accorded by law.

*Judgments reversed.*

QUATMAN, P. J., and YOUNGER, J., concur.