SEXTON, APPELLANT, *v.* THE NEW YORK CENTRAL RAILROAD CO., APPELLEE.

(No. 270—Decided November 17, 1959.)

*Mr. Al Frericks,* for appellant.
*Messrs. Jackman, Nichols & Grubbs,* for appellee.

KERNS, J. This is an appeal on questions of law from the Common Pleas Court of Madison County, Ohio. The facts of the case are quite simple.

On January 29, 1959, four days before the time expired for commencing the action, the plaintiff, appellant herein, filed a

petition for damages for injuries received as a result of a cross-ing collision which occurred on February 1, 1957.

On February 28, 1959, the defendant, appellee herein, filed a motion to quash the service of summons because the praecipe therefor did not direct the clerk to endorse on the summons the amount for which judgment was sought. The summons there-fore contained no such endorsement and was not accompanied by a copy of the petition.

Before this motion was ruled upon, the plaintiff filed a cor-rected praecipe, summons was issued and the return made on March 5, 1959. On March 24, 1959, the defendant filed another motion to quash the second service of summons.

For his first assignment of error, plaintiff contends that the trial court erred in sustaining the first motion to quash serv-ice of summons. Your attention is therefore directed to ap-plicable statutes.

An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose. (Section 2305.10, Revised Code.) A civil action must be com-menced by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon. (Section 2703.01, Revised Code.) The plaintiff shall also file with the clerk of the court a praecipe, stating therein the names of the parties to the action, and, if it is for the recovery of money only, the amount for which judgment is asked, and demanding that a summons issue. (Section 2703.02, Revised Code.) When the action is for the recovery of money only, there must be endorsed on the writ the amount stated in the praecipe, for which, with interest, judgment will be taken iﬀ the defendant fails to an-swer. (Section 2703.03, Revised Code.)

These statutory provisions apparently make no allowance for construction. The plaintiff's praecipe did not recite, nor did the summons carry, the amount for which judgment was claimed. In our opinion, the motion to quash the original serv-ice of summons was, therefore, properly sustained. *Finckh* v. *Evers*, 25 Ohio St., 82; *Hamilton* v. *Miller*, 31 Ohio St., 87.

The plaintiff relies principally upon the case of *Green* v. *Essinger*, 103 Ohio App., 252, to sustain his position. In that case, however, we find among other distinguishing features that

a summons, proper in form and substance, was caused to be issued and was served upon the defendant. In the instant case, the summons which issued was defective, its service was a nullity and the defendant was not bound thereby.

For his second assignment of error, the plaintiff states "that the trial court erred in sustaining defendant's motion to quash plaintiff's alias service of summons." This brings into play Section 2305.17, Revised Code, which reads as follows:

"An action is commenced within the meaning of Sections 2305.03 to 2305.22, inclusive, and Section 1307.08 of the Revised Code, as to each defendant, at the date of the summons which is served on him or on a codefendant who is a joint contractor, or otherwise united in interest with him. When service by publication is proper, the action is commenced at the date of the first publication, if it is regularly made.

"Within the meaning of such sections, an attempt to commence an action is equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt is followed by service within sixty days."

Does the saving clause of this statute apply to the facts of this case? The plaintiff relies upon the case of *Armbruster, Admr.*, v. *Harrison*, 116 Ohio St., 490, decided on May 11, 1927. The conclusion in that case was based entirely upon the authority of the case of *Ross, Sheriff*, v. *Willet*, 54 Ohio St., 150, decided on January 21, 1896. Both of those cases involve the ineffectual service of a valid summons. The Supreme Court considered the *Ross case* in the case of *McLarren* v. *Myers, Admr.*, 87 Ohio St., 88, at page 94, and in so doing, pointed out the distinction between a case where no summons issued and a case where a valid summons issued but service proved ineffectual. In the *McLarren case*, the first paragraph of the syllabus reads as follows:

"1. The saving provisions of Section 11231, General Code, relate to the service of a summons, and before the diligent endeavor therein referred to can avail to avoid the bar of a statute of limitations, there must have been a summons issued prior to the expiration of the period fixed by the statute."

As applicable to the case before us, we fail to see how an invalid summons can be given any more recognition than no

summons at all. The service of such a summons can accomplish nothing regardless of how diligent an effort is made to obtain service.

The plaintiff, having failed to "cause a summons to issue" as required by statute, cannot, therefore, avail himself of the saving clause of Section 2305.17, Revised Code, which applies only to service.

The Court of Appeals for Tuscarawas County rendered a decision on facts almost identical to those presented here on April 16, 1946, *Crabbe, Supt.*, v. *Hertzig*, 66 N. E. (2d), 659. The third paragraph of the headnotes of such case reads as follows:

"Filing of precipe directing issuance of summons to bear indorsement showing that petition was for money judgment, but not stating for what amount judgment was claimed, did not constitute diligent effort to procure service so as to be deemed equivalent to commencement of action and toll the statute of limitations, though service of valid summons was had within 60 days from filing of petition. * * *"

We realize that the procedural statute which defeats the plaintiff's case has its foundation in history and has long since outlived its original purpose. However, any change in procedure must originate in the Legislature.

The judgment of the trial court will be, and hereby is, affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and CRAWFORD, J., concur.