BALDINE *v.* KLEE ET AL.
BALDINE *v.* THE TRIBUNE COMPANY DBA WARREN TRIBUNE CHRONICLE.
BALDINE *v.* THE NILES PUBLISHING COMPANY DBA NILES DAILY TIMES.

(Nos. 75741, 75742, 75743—Decided December 28, 1965.)

Court of Common Pleas of Trumbull County.

*Messrs. Eardley & Wantz,* for plaintiffs.
*Messrs. Hoppe, Day & Ford,* for defendant William B. Klee, et al, *Mr. James D. Frey* and *Mr. Robert S. McGeogh,* of counsel.
*Messrs. Falls, Hazel & Kerr,* for defendant Ralph B. Hoffman, *Mr. John M. Newman,* of counsel.
*Mr. Lynn B. Griffith,* for defendant Dio D. Reynolds.
*Messrs. Mitchell, Mitchell & Reed,* for defendant Fred Tod, Jr., *Mr. George J. Limbert,* of counsel.

*Messrs. Guarnieri & Secrest,* for defendant The Tribune Company.

*Messrs. MacQueen & MacQueen,* for defendant The Niles Publishing Company, *Mr. James R. MacQueen,* of counsel.

PONTIUS, J., of Ashtabula County sitting by assignment in Trumbull County.

PONTIUS, J. On December 17, 1965, motions of the various defendants in these actions were argued and submitted. The motions were to quash service of summons.

In each instance a praecipe was filed with the petition calling for service of a copy of the petition and directing that the summons be endorsed in a manner to indicate that the action was one for money only, and setting forth the particular sum claimed in the particular action. Summons so endorsed were duly issued and served (the question of service is raised by two of the defendants) along with a certified copy of the petition. All is evidenced by the return of service made by the sheriff.

In case No. 75741 defendant Dio D. Reynolds first sought and obtained leave to move or plead and thereafter filed his motion to quash service of summons. Regardless of the contention made in that motion, it is the opinion of the court that the obtaining the leave to move or plead constituted a general appearance in the action and waived any claimed defects in either the process which was served or in the manner in which it was served. See *Brundage* v. *Biggs,* 25 Ohio St. 652, and annotations in 81 A. L. R. 166.

That the summons is defective and therefore void is a common ground of complaint in the various motions and that will be dealt with later. In addition thereto, in case No. 75742 the defendant raises two other points. The first of these raises the question whether service upon the statutory agent in accordance with the directions in the praecipe is sufficient service. The return of service shows "no other chief officer being found in my jurisdiction" after reciting the fact of service upon the named statutory agent. No affidavit or other evidence was submitted upon the hearing on the motions and technically speaking, the assertion in the return would therefore have to be assumed to be true. It is asserted in the defendant's brief that, in truth, the

president and all other officers were available on the date summons was served; and the court approaches the question without regard to the truth or falsity of the statement made in the return of service. The contention of the defendant in this regard is that the provisions of Section 2703.10, Revised Code, take precedence over the provisions of Section 1701.07, Revised Code, of the Corporation Act, and that the provisions of Section 2703.10, Revised Code, must be followed in making service upon a corporation. It will be noted that the first sentence of the statute provides that service of summons "may be served" etc. and then lists the officers in order and makes provisions also for the mere leaving of a copy at the corporation's usual place of business under some circumstances. The court makes reference to paragraphs A, H, and J, in particular, of Section 1701.07, Revised Code. These sections in substance provide that every domestic corporation must have a statutory agent upon whom service process may be served, that any process may be served upon such statutory agent, and that the statute does not limit or affect the right to serve process in any other manner.

From the foregoing, the conclusion is inescapable that Section 1701.07, Revised Code, provides an alternative manner in which a domestic corporation may be served in addition to the provisions of Section 2703.10, Revised Code. Neither is exclusive of the other. So far as this point is concerned, the service of process is good.

The second additional point raised by the defendant in case No. 75742 is whether the summons is defective because it names the statutory agent as such as the person to be served, rather than the corporaton itself, albeit service thereof might be upon the statutory agent. In other words, the question presented is, does the process designate the party to be served. The summons commanded the sheriff as follows: "For personal service upon the statutory agent of the Tribune Company, d. d. a. Warren Tribune Chronicle, to wit: Helen H. Hurlburt, 240 Franklin Street, Warren, Ohio." The return of service shows that the company was served by leaving for it at its usual place of business with Helen H. Hurlburt, statutory agent of said company, a copy of the summons together with a certified copy of the petition and interrogatory. The argument is made that the command in the summons to the sheriff is to serve the statutory

agent but does not command him to serve or notify the corporation.

The purpose of process is to afford notice of the proceedings and to afford the defendant an opportunity to defend. Did the process here issued and served do those things so far as this corporate defendant is concerned? The petition itself named the corporate defendant, of course, and not the statutory agent as the party to the action. It seems to the court that so far as notice to the corporation is concerned, this process by which notice of the action was given to it was just as effective for all practical purposes as if the summons itself had named the corporation and service was yet had upon the statutory agent. The summons and the petition taken together certainly indicate that the corporation and not the named statutory agent or the corporation is the actual defendant in the action, this ambiguity is certainly eliminated by the petition, a copy of which was served with the summons. In this manner, certainly the spirit, if not the exact letter, of the statute has been met. The court sees but little merit in this contention of the defendant. See *First National Bank* v. *Rusk,* 127 P. 780 (Ore.), 44 L. R. A. (N. S.) 138. It would seem that the most that can be said in favor of the contention of the defendant is that the summons in this respect is ambiguous. This ambiguity, if any, is certainly made clear by the contents of the petition, a copy of which was served with the summons.

What has been set forth above is equally applicable to the first point raised in the motion of the Niles Publishing Company in case No. 75743.

The remaining point is raised by each defendant who asserts that the summons did not contain on its face a statement of the nature of the relief sought and therefore does not meet the mandatory requirements of the statute and for this reason same is defective and void and therefore subject to the motion to quash.

Sections 2703.02 and 2703.03, Revised Code, providing for the filing of a praecipe and the issuance of summons, respectively, as they each read before and after the amendment of October 14, 1963, are set forth below with the original provisions and the amendments indicated by underscoring and insertions by italics in parentheses.

Section 2703.02, Revised Code. Praecipe.

At the time of filing a petition there shall also be filed The plaintiff shall also file with the clerk of the court a praecipe, stating therein the names of the parties to *(be served with summons, the nature of the relief sought)* the action, and if it is for the recovery of money, only, the amount for which judgment is asked *(with interest, if any,)* and demanding that a summons issue.

Section 2703.03, Revised Code. Requisites of Summons.

The summons must be issued and signed by the clerk, and be under the seal of the court from which it is issued. Its style shall be: "The State of Ohio, ..................... county," and it must be dated the day it is issued. It shall be directed to the sheriff of the county, who shall be commanded therein to notify the *(party)* defendant that he has been sued *(and the nature of the relief sought)* and that he must answer at a time stated therein, or the petition will be taken as true and judgment rendered accordingly. When the action is for the recovery of money, only, there must be *(included in the summons)* or indorsed on the writ, *(or included in a copy of the petition served with the summons)* the amount stated in the praecipe, for which, with interest, judgment *(is asked, with interest, if any.)* will be taken if the defendant fails to answer. If the defendant fails to appear, judgment shall not be rendered for larger amount than the amount prayed for, *(with interest, if any,)* and the costs.

Subject to the requirements of "due process" as required by the Fourteenth Amendment to the United States Constitution, it may be said generally that a state may prescribe the form of process and the manner in which it must be served in order to subject a person to the jurisdiction of the court. See 44 Ohio Jurisprudence 2d, 8, 11.

Consideration must be given to the question as to whether these two procedural sections of the Civil Code are to be given a strict or a liberal construction. Section 1.11, Revised Code, provides in substance that laws pertaining to remedy and procedures shall receive a liberal construction "in order to promote their object and assist the parties in obtaining justice."

The provisions of Section 1.12, Revised Code, referring to special provisions of a remedial nature, would seem to indicate that Section 1.11, Revised Code, is without question to receive a liberal construction, except as modified by the provisions of Section 1.12, Revised Code. In *Wellston Iron Furnace Company* v. *Rinehart,* 108 Ohio St. 117, it was held "all statutes relating to procedure are remedial in their nature and should be liberally construed and applied to effect their respective purposes." The rule in Ohio and elsewhere is that, generally speaking, statutes dealing with procedural matters are to be liberally construed with a view to granting the parties a judicial determination of their respective claims rather than resorting to a construction that would deny either of them the opportunity to assert either his claim or defense, as the case may be. See annotation in 6 A. L. R. 838.

Under this liberal approach, however, the courts cannot ignore specific requirements of the statute setting forth what process must contain. The purpose of process is notice; a summons is process. 44 Ohio Jurisprudence 2d, *supra.*

A study of these two sections of the statutes would seem to indicate that the Legislature intended by the amendments that the defendant was to be notified of the kind of relief demanded of him and if a money judgment is sought, the amount thereof. Section 2703.03, Revised Code, literally requires that the sheriff by the writ "be commanded therein to notify the party * * * the nature of the relief sought * * *." It is the failure of the summons to so state "therein" the nature of the relief sought, as distinguished from an endorsement thereof placed "thereon," of which complaint is made so forcefully. As pointed out by one or more of the defendants by brief, this is part of the "command" of the summons and would seem to hold equal importance with "time to answer" requirement of the same sentence. The nature of the relief sought and the time within which to answer are parts of the same "command to notify."

The cases seem to hold generally that matters required by statute and which go to the verity or authenticity of the court or officer issuing the writ, such as the signature of the clerk or the seal of the court, or go to matters of notice to the defendant that he is sued, where he is sued, and when he must appear or

answer, are mandatory in character and if the process is defective in such regard, it at least is subject to direct attack as for instance upon motion to quash. See 42 American Jurisprudence 12, annotations in 30 A. L. R. 717, 37 A. L. R. 2d 928, 6 A. L. R. 841, 97 A. L. R. 746, *State of Ohio, ex rel Prosecuting Attorney,* v. *Robinson,* 9 O. D. Rep. 249.

Prior to the 1963 amendment, the provisions of the statute requiring that there be endorsed upon the summons the amount for which judgment was asked and would be taken if defendant failed to appear, long had been held to require a reversal of a judgment entered by default when there was no such endorsemen. See *Finckh* v. *Evers*, 25 Ohio St. 82, *Hamilton* v. *Miller*, 31 Ohio St. 87. Various lower courts in the state apparently had held both ways on the question as to whether failure to so endorse on the summons constituted a failure to obtain jurisdiction over the person of the defendant and therefore to constitute as void any judgment so rendered by default so as to permit collateral attack upon the judgment. Likewise, various lower courts have held both ways on the issue as to whether failure to so endorse upon the summons made same voidable and subject to motion to quash. An example of some of these cases is cited in some of the briefs of defense counsel. In addition thereto, reference is made to *Sexton* v. *New York Central Rd.,* 112 Ohio App. 498. In *Shilling* v. *Octavio,* 176 Ohio St. 123, the opinion by Taft, C. J., reviews a great many of the earlier cases and in effect seems to bottom the final holding of the court on the theory that the failure to so endorse the summons is but a mere irregularity and does not render the summons void. The court specifically held as follows:

"Although a plaintiff in an action for money only fails to state in the praecipe for summons 'the amount for which judgment is asked,' and the summons issued pursuant to that praecipe does not have endorsed on it 'the amount * * * for which, with interest, judgment will be taken if the defendant fails to answer,' that summons, if otherwise in proper form and if properly served upon the defendant, is sufficient to give the court jurisdiction over the person of the defendant."

This case was decided April 22, 1964, after the amendments to the code sections herein referred to, but the issues in the case arose prior to the amendments. In this case motions to

quash service of summons were filed, setting forth therein that there was no endorsement on the summons of the amount claimed, and no copy of the petition served with the summons. While the motions to quash were still pending and before they had been submitted, but after the Statute of Limitations had run, amended praecipes were filed calling for the issuance of an amended summons and the endorsement thereon of the amount claimed. Service was had upon this amended process. Thereafter, the motions to quash were sustained by the trial court, answers filed alleging the Statute of Limitations, and motions for summary judgment in favor of the defendants were sustained by the trial court. The Court of Appeals reversed. In sustaining the Court of Appeals, the Supreme Court appears to have adopted the reasoning of several cases of last resort in other states to the effect that such a statutory requirement is not a part of the summons itself, but is merely a protection to the defendant, thereby limiting the amount of judgment which may be rendered against him in case of default, and that the omission thereof is but a mere irregularity which does not operate to deny the court jurisdiction over the defendant's person.

While the court does not say so in exactly so many words, in arriving at this conclusion, it necessarily had to divide the provisions of Section 2703.03, Revised Code, prior to amendment into two parts, one dealing with those matters of which the defendant must be notified according to the statute in order to gain jurisdiction over his person, and the other, namely the matter of the endorsement, dealing only with the subject of entry of judgment in case of default. If we follow this same line of reasoning in trying to determine the problem which has now arisen after the amendment, we are almost constrained to hold that now as a part of the notifying provisions or the "command provisions" of the statute, the "nature of the relief sought" must be included therein or the summons is subject to motion to quash. Any other conclusion would simply be to ignore rather than recognize the 1963 amendment. The face of the summons itself does not contain an ambiguity in this respect which may be clarified by reference to the endorsement or to the petition served with the summons; it simply is totally lacking in this regard and the statute says that the same shall be contained therein.

Plaintiff urges strongly that since the petition contains a statement of "the nature of the relief sought" and a copy of it was served with the summons, the purpose of the statute has been fulfilled and the motions to quash should be overruled. Plaintiff relies almost entirely upon *Robinson* v. *Greyhound Corporation,* 76 Ohio Law Abs. 447, a case decided by the United States Circuit Court of Appeals in 1957. In this case the summons failed to state the amount of damages asked, nor was there any endorsement thereof on the summons, but pursuant to a court rule, a copy of the petition was served with the summons and of course the petition did contain a prayer for damages. The court held that even though both the praecipe and the summons failed to specify the amount of damages for which judgment was sought, the summons was nevertheless sufficient when accompanied by a copy of the petition. The holdings of the Federal Courts, of course, are not binding upon the state courts on matters dealing only with interpretation of state statutes, but their decisions are entitled to due respect and even to high regard if perchance theirs happens to be the only decision in the state on the issue joined. This case, of course, was long before the amendment of 1963 and some intermediate courts held to the contrary even before *Shilling* v. *Octavio, supra.* This case is readily distinguishable from the case at bar and in the opinion of this court is in no way binding.

In conclusion, it is the opinion of the court that the motion of the defendant Reynolds to quash service of summons must be overruled and that the motions of the other defendants to quash service of summons must be sustained for the reasons herein stated. To point up the responsibility therefor, counsel for the defendant The Niles Publishing Company is requested to prepare and submit, with the assistance of counsel for the other defendants, appropriate journal entries in keeping with this opinion in each of the three cases here involved, and of course will properly note exceptions for the plaintiff.