WILLIAM DAVID WILES AND WIFE, GLENDA LEE WILES v. WELPARNEL CONSTRUCTION COMPANY, INC.

No. 21

(Filed 8 May 1978)

**Process § 12; Rules of Civil Procedure § 4— agent of corporation receiving service —when service of process is valid**

When the name of the defendant is sufficiently stated in the caption of the summons and in the complaint, such that it is clear that the corporation, rather than the officer or agent receiving service, is the entity being sued, the summons, when properly served upon an officer, director or agent specified in N.C.R. Civ. P. 4(j)(6), is adequate to bring the corporate defendant within the trial court's jurisdiction. To the extent that it is inconsistent with this rule, the line of cases represented by *Russell v. Manufacturing Co.*, 266 N.C. 531; *Hassell v. Steamboat Co.*, 168 N.C. 296; *Plemmons v. Improvement Co.*, 108 N.C. 614; and *Ready Mix Concrete v. Sales Corp.*, 30 N.C. App. 526, is expressly overruled.

THIS case is before us on petition for discretionary review of the decision of the Court of Appeals, 34 N.C. App. 157, 237 S.E.

2d 297 (1977), (*Vaughn, J.*, concurred in by *Hedrick* and *Clark, JJ.*), reversing the order of *Seay, J.*, entered 9 November 1976, YADKIN County Superior Court, denying defendant's motion for summary judgment.

A complaint was filed and summons issued in this action on 15 March 1976. In their complaint, plaintiffs allege that they suffered injuries as a result of certain negligent acts committed by defendant through its agents and employees on or about 23 April 1973.

The caption of the summons here reads as follows:

"WILLIAM DAVID WILES and wife, GLENDA LEE WILES,
Plaintiffs

Against

WELPARNEL CONSTRUCTION COMPANY, INC.
Defendant"

The summons was directed to:

"Mr. T. T. Nelson, Registered Agent
Welparnel Construction Company, Inc.
211 N. Bridge St.
Jonesville, N. C."

Following service of copies of this summons and complaint on T. T. Nelson on 15 March 1976, attorneys for Welparnel Construction Company obtained stipulations from plaintiffs' attorney extending the time to answer through 14 May 1976. An answer was subsequently filed on 26 April 1976, some three days after the statute of limitations had apparently run, in which it was maintained that plaintiffs had failed to obtain valid in personam jurisdiction over defendant. On 3 September 1976, defendant filed a motion for summary judgment on the grounds that the statute of limitations had run and that defendant had not been subjected to valid in personam jurisdiction because the summons was directed to the corporate agent individually rather than to the defendant corporation. As noted above, this motion was denied by the trial court in an order issued on 9 November 1976, which was later reversed by the Court of Appeals.

Additional facts relevant to the decision are related in the opinion.

*R. Lewis Ray & Associates, by R. Lewis Ray for plaintiff appellants.*

*Womble, Carlyle, Sandridge & Rice, by Allan R. Gitter and William C. Raper for defendant appellee.*

COPELAND, Justice.

The principal question presented by this appeal is whether service of a summons directed to a person described as the agent of a corporation, when the corporation is named in the complaint and the caption of the summons as the defendant, is sufficient service of process on the corporation. For the reasons set out below, we have determined that it is; therefore, the decision of the Court of Appeals must be reversed.

The long-standing rule in this state has been that when a summons directs service on a person as an agent or officer of a defendant corporation and is served on that person, it constitutes service of process only on that person individually and not on the corporate defendant. *Russell v. Bea Staple Manufacturing Company, Inc.*, 266 N.C. 531, 146 S.E. 2d 459 (1966); *Hassell & Co. v. Daniels' Roanoke River Line Steamboat Co.*, 168 N.C. 296, 84 S.E. 363 (1915); *Plemmons v. Southern Improvement Company*, 108 N.C. 614, 13 S.E. 188 (1891). This rule was amended somewhat by the enactment of G.S. 1A-1, Rule 4(b), (hereinafter N.C.R. Civ. P.), which provides that a summons shall be directed to the defendant rather than to a process officer ordering him to summon the defendant. Still, the strict requirement that the summons command the appearance of the defendant and not that of an individual designated an agent or officer of the defendant has been carried over in the interpretation of the sufficiency of summonses under Rule 4. *Carl Rose & Sons Ready Mix Concrete, Inc. v. Thorp Sales Corporation*, 30 N.C. App. 526, 227 S.E. 2d 301 (1976); *see also, Philpott v. Kerns*, 285 N.C. 225, 203 S.E. 2d 778 (1974), (holding that a summons directed to the Commissioner of Motor Vehicles was defective process as against a nonresident defendant in an action arising out of operation of a motor vehicle in this state).

In reviewing the summons issued in this case, we find that in all likelihood it would indeed be defective when judged by the

standard previously exercised in determining questions of this sort. This summons is slightly distinguishable from those in earlier cases in that it is directed "To each of the defendants named below at the indicated addresses — GREETING: Mr. T. T. Nelson, Registered Agent, Welparnel Construction Company, Inc.," and Welparnel Construction Company was the only party named as a defendant in the complaint. Nonetheless, we agree with the Court of Appeals, which found the variation between this language and "Agent for" or "President of" a named corporation to be too precarious to form the basis of a valid distinction. It is our feeling, however, that the time has come to re-evaluate the considerations on which this narrow interpretation of sufficiency of process on corporate defendants is grounded.

It has been recognized that "The rationale of all rules for service of process on corporations is that service must be made on a representative so integrated with the corporation sued as to make it a priori supposable that he will realize his responsibilities and know what he should do with any legal papers served on him." *Goetz v. Interlake S.S. Co.*, 47 F. 2d 753, 757 (S.D.N.Y., 1931); *Courtesy Chevrolet, Inc. v. Tennessee Walking Horse Breeders' and Exhibitors' Association of America*, 344 F. 2d 860 (9th Cir., 1965); 19 C.J.S., Corporations § 1312, p. 995. In addition, the primary purpose of Rule 4 of the Federal Rules of Civil Procedure, which is similar to our N.C.R. Civ. P. 4, is "to provide the mechanisms for bringing notice of the commencement of an action to defendant's attention and to provide a ritual that marks the court's assertion of jurisdiction over the lawsuit." Wright & Miller, Federal Practice and Procedure: Civil § 1063 p. 204 (1969).

In the instant case, Welparnel Construction Company, Inc. was properly named as the defendant in the complaint, as well as in the caption of the summons. The sole ground upon which the process here is asserted to be defective is the direction of the summons to the corporation's registered agent rather than to the corporation. While our Rule 4(b) does require that the summons be directed to the defendant, we feel constrained to agree with the statement of Judge John J. Parker in a similar context that "A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is

Wiles v. Construction Co.

meant, . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else." *United States v. A. H. Fischer Lumber Co.*, 162 F. 2d 872, 873 (4th Cir., 1947).

This Court has always attached great importance to the doctrine of *stare decisis*, both out of respect for the opinions of our predecessors and because it promotes stability in the law and uniformity in its application. *Bulova Watch Company, Inc. v. Brand Distributors of North Wilkesboro, Inc.*, 285 N.C. 467, 206 S.E. 2d 141 (1974). Nonetheless, *stare decisis* will not be applied when it results in perpetuation of error or grievous wrong, *State v. Ballance*, 229 N.C. 764, 51 S.E. 2d 731 (1949), since the compulsion of the doctrine is, in reality, moral and intellectual, rather than arbitrary and inflexible. *Sidney Spitzer & Co. v. Commissioners of Franklin County*, 188 N.C. 30, 123 S.E. 636 (1924).

In the case *sub judice*, any confusion arising from the ambiguity in the directory paragraph of the summons was eliminated by the complaint and the caption of the summons which clearly indicate that the corporation and not the registered agent was the actual defendant in this action. Since, under Rule 4, a copy of the complaint must be served along with the summons, and the corporate representative who may be served is customarily one of sufficient discretion to know what should be done with legal papers served on him, *Goetz v. Interlake S.S. Co.*, *supra*, the possibility of any substantial misunderstanding concerning the identity of the party being sued in this situation is simply unrealistic. Under the circumstances, the spirit certainly, if not the letter, of N.C.R. Civ. P. 4(b) has been met. In view of this conclusion, we feel that the better rule in cases such as this is that when the name of the defendant is sufficiently stated in the caption of the summons and in the complaint, such that it is clear that the corporation, rather than the officer or agent receiving service, is the entity being sued, the summons, when properly served upon an officer, director or agent specified in N.C.R. Civ. P. 4(j)(6), is adequate to bring the corporate defendant within the trial court's jurisdiction. *See Clark v. Porcelain Manufacturing Company*, 8 S.C. 22 (1876); *Baldine v. Klee*, 10 Ohio Misc. 203, 224 N.E. 2d 544 (1965), *rev'd on other grounds*, 14 Ohio App. 2d 181, 237 N.E. 2d 905 (1968).

We hold, therefore, that to the extent it is inconsistent with this rule, the line of cases represented by *Russell v. Bea Staple Manufacturing Company, Inc., supra, Hassell & Co. v. Daniels' Roanoke River Line Steamboat Co., supra, Plemmons v. Southern Improvement Company, supra,* and *Carl Rose & Sons Ready Mix Concrete, Inc. v. Thorp Sales Corporation, supra,* is expressly overruled. We wish to point out at this juncture that a number of decisions citing the cases overruled above involved situations in which the complaint as well as the summons were directed to the corporate officers or agents. *See, e.g. McLean v. Matheny,* 240 N.C. 785, 84 S.E. 2d 190 (1954); *Hogsed v. Pearlman,* 213 N.C. 240, 195 S.E. 789 (1938); *Jones v. Vanstory,* 200 N.C. 582, 157 S.E. 867 (1931); *Young v. Barden,* 90 N.C. 424 (1884). Because the potential for confusion in such a situation is significantly greater, these latter holdings remain undisturbed by this decision.

Although consistent with our former rule, the well-considered decision of the Court of Appeals is at variance with the standard we announce today. For this reason, it is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.