DOROTHY WEARRING v. BELK BROTHERS, INC.

No. 7726SC955

(Filed 17 October 1978)

**Process § 12; Rules of Civil Procedure § 4— summons directed to officer of corporation—sufficiency of service on corporation**

    A summons was not fatally defective because the directory paragraph contained the name of an officer of the corporate defendant instead of the name of the corporation itself where both the caption of the summons and the accompanying complaint clearly showed that the corporation rather than the individual officer was being sued.

APPEAL by plaintiff from *Snepp, Judge*. Judgment entered 4 August 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 25 August 1978.

On 23 February 1977, the plaintiff filed a complaint against the defendant, Belk Brothers, Inc., alleging negligence. Five days later, the summons and complaint were personally served on the executive vice-president of the defendant corporation. The caption of the summons indicated that it concerned the matter of "Dorothy Wearring, Plaintiff Against Belk Brothers, Inc., Defendant," but it was directed to "Mr. Leroy Robinson, Exec. V. P., Belk Uptown, 115 East Trade Street, Charlotte, North Carolina."

On 24 March 1977, the defendant made a special appearance in superior court and moved to dismiss the action for insufficiency of process and of its service and for lack of personal jurisdiction. While the parties were awaiting a hearing on the motion, the statute of limitation on the action ran. When the hearing was conducted on 4 August 1977, the presiding judge entered an order and judgment dismissing the action for insufficiency of process and of its service and for lack of jurisdiction over the person of the defendant. From the entry of that judgment and order, the plaintiff appealed.

*Chambers, Stein, Ferguson & Becton, P. A., by Karl Adkins, for plaintiff appellant.*

*Golding, Crews, Meekins, Gordon & Gray, by E. Fitzgerald Parnell III, for defendant appellee.*

MITCHELL, Judge.

The plaintiff's sole assignment of error is directed to the trial court's determination that there was insufficient service of process. In support of this assignment, the plaintiff argues that the summons was not fatally defective even though the directory paragraph contained the name of an officer of the defendant corporation instead of the name of the corporation itself since the caption contained the correct name of the defendant corporation.

The purpose of a summons is to give notice to a person to appear at a certain place and time to answer a complaint against him. 83 C.J.S., Summons, p. 795. Fundamental fairness requires that a summons should be of sufficient particularity so as to leave no reasonable doubt as to whom it is directed. However, this requirement does not force the courts to overlook the obvious when determining the validity of a summons.

In dealing with this problem, the Supreme Court of North Carolina recently overruled long-standing authority and indicated in *Wiles v. Construction Co.*, 295 N.C. 81, 85, 243 S.E. 2d 756, 758 (1978), that:

when the name of the defendant is sufficiently stated in the caption of the summons and in the complaint, such that it is clear that the corporation, rather than the officer or agent

receiving service, is the entity being sued, the summons, when properly served upon an officer, director or agent specified in N.C.R. Civ. P. 4(j)(6), is adequate to bring the corporate defendant within the trial court's jurisdiction. (Citations omitted.)

In the case *sub judice*, the caption of the summons clearly indicated that the corporation was being sued. In addition, the complaint, which must accompany a summons pursuant to G.S. 1A-1, Rule 4(d), showed that the corporation rather than an individual was being sued. Therefore, there was no insufficiency in the service of process and the court had jurisdiction over the defendant. *Wiles v. Construction Co.*, 295 N.C. 81, 243 S.E. 2d 756 (1978); *Public Relations, Inc. v. Enterprises, Inc.*, 36 N.C. App. 673, 245 S.E. 2d 782 (1978).

For this reason, the decision of the trial court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Judges VAUGHN and MARTIN (Robert M.) concur.