PERRY G. BENTLEY, SR., Plaintiff v. WATAUGA BUILDING SUPPLY, INC.,
Defendant

No. COA00-849

(Filed 7 August 2001)

**1. Process and Service— service on corporate agent—defendant clearly identified**

The trial court erred by dismissing a retaliatory discharge action for lack of jurisdiction where the summons was directed to Betty Koontz and sent via certified mail to Ms. Koontz as registered agent. Plaintiff complied with the statutory requirements for service upon the registered agent and the officer of a corporation because Ms. Koontz was the president and registered agent of defendant-corporation. The service upon defendant was sufficient even though the summons did not indicate the capacity in which Ms. Koontz was being served because the summons clearly named Watauga Building Supply, Inc. as defendant.

**2. Process and Service— summons—president and registered agent—capacity not identified on summons**

A summons was not fatally defective where it did not identify the person served (Ms. Koontz) as the registered agent or president of defendant-corporation. The return of service shows that copies of the summons and complaint were delivered to Ms. Koontz and there is no evidence to contradict the affidavit of service identifying Ms. Koontz as the president and registered agent of defendant. While it is the better practice to identify the capacity in which the person receiving service is acting, such failure is not fatal.

Appeal by plaintiff from judgment entered 31 May 2000 by Judge Lotto Caviness in Watauga County Superior Court. Heard in the Court of Appeals 25 April 2001.

*McElwee Firm, PLLC, by Elizabeth K. Mahan, for plaintiff-appellant.*

*Miller & Johnson, PLLC, by Linda L. Johnson, for defendant-appellee.*

WALKER, Judge.

The plaintiff filed an action for retaliatory discharge against his former employer, Watauga Building Supply, Inc. (defendant), on 23 February 2000. The clerk of superior court issued a civil summons naming "Watauga Building Supply, Inc." as defendant in its caption. Its directory section stated "TO: Name & Address of First Defendant: Betty G. Koontz, 587-105 Ext., Boone, N.C. 28607." Plaintiff's attorney filed an affidavit verifying the complaint and summons were mailed via certified mail, return receipt requested and addressed to Ms. Koontz as registered agent. Thereafter, the Sheriff of Watauga County served "Betty G. Koontz" with the summons and complaint.

On 23 March 2000, defendant filed a motion to dismiss the complaint for lack of personal jurisdiction, insufficiency of process, insufficiency of service of process and failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(2), (4), (5) and (6) of our Rules of Civil Procedure. N.C.R. Civ. P. 12(b)(2), (4)-(6) (1999). On 31 May 2000, the trial court granted defendant's motion to dismiss for insufficiency of process, insufficiency of service of process and lack of jurisdiction over defendant pursuant to Rules 12(b)(2), (4) and (5). N.C.R. Civ. P. 12(b)(2), (4) and (5).

[1] In his sole assignment of error, plaintiff contends the trial court erred in granting defendant's motion to dismiss for lack of jurisdiction since: (1) naming defendant in the directory paragraph of the summons is not required and failure to do so does not amount to insufficient process; and (2) failure to identify Ms. Koontz as defendant's registered agent or president is not fatally defective and does not amount to insufficiency of service of process. Plaintiff further states it was clear from the caption of the summons that defendant, rather than Ms. Koontz, was the one being sued and that the record shows that Ms. Koontz was defendant's registered agent and president.

In order to obtain personal jurisdiction over a defendant, it is well established that the issuance of summons and service of process must comply with one of the statutorily specified methods. *Glover v.*

BENTLEY v. WATAUGA BLDG. SUPPLY, INC.

[145 N.C. App. 460 (2001)]

*Farmer*, 127 N.C. App. 488, 490, 490 S.E.2d 576, 577 (1997), *disc. review denied*, 347 N.C. 575, 502 S.E.2d 590 (1998), *citing Roshelli v. Sperry*, 57 N.C. App. 305, 291 S.E.2d 355 (1982). "Absent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed." *Id., citing Sink v. Easter*, 284 N.C. 555, 561, 202 S.E.2d 138, 143 (1974). Here, plaintiff complied with our statutory requirements for service of process upon the registered agent and the officer of a corporation. *See* N.C.R. Civ. P. 4(j)(6) (1999). However, we must determine if service of process was sufficient upon defendant.

Plaintiff cites *Wiles v. Construction Co.*, 295 N.C. 81, 84-85, 243 S.E.2d 756, 758 (1978), *abrogated on other grounds, Piland v. Hertford County Bd. of Comm'rs*, 141 N.C. App. 293, 539 S.E.2d 669 (2000) for the proposition that Rule 4(b) does not require naming the corporate defendant in the directory paragraph of the summons. In that case, the directory paragraph of the summons was directed "[t]o each of the defendants named below at the indicated addresses-GREETING: Mr. T.T. Nelson, Registered Agent, Welparnel Construction Company, Inc.," and Welparnel Construction Company was the only defendant named in the complaint. *Id.* at 84, 243 S.E.2d at 757. Welparnel complained the process was insufficient because it was directed to the corporation's registered agent rather than to the corporation. Our Supreme Court, in re-evaluating its narrow interpretation of our service of process statutes, cited with approval the following broader reasoning from a federal case in the United States Court of Appeals for the Fourth Circuit:

> A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.

*Id.* at 84-85, 243 S.E.2d at 758, *quoting United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947).

In *Wiles*, our Supreme Court concluded that the service of process on Welparnel was proper because "any confusion arising from the ambiguity in the directory paragraph of the summons was eliminated by the complaint and the caption of the summons which clearly indicate[d] that the corporation and not the registered agent

was the actual defendant in this action." *Id.* at 85, 243 S.E.2d at 758. The Court further reasoned:

> Since, under Rule 4, a copy of the complaint must be served along with the summons, and the corporate representative who may be served is customarily one of sufficient discretion to know what should be done with legal papers served on him, the possibility of any substantial misunderstanding concerning the identity of the party being sued in this situation is simply unrealistic. Under the circumstances, the spirit certainly, if not the letter, of N.C.R. Civ. P. 4(b) has been met.

*Id.* at 85, 243 S.E.2d at 758. The Court therefore concluded:

> [W]e feel that the better rule in cases such as this is that when the name of the defendant is sufficiently stated in the caption of the summons and in the complaint, such that it is clear that the corporation, rather than the officer or agent receiving service, is the entity being sued, the summons, when properly served upon an officer, director or agent specified in N.C.R. Civ. P. 4(j)(6), is adequate to bring the corporate defendant within the trial court's jurisdiction.

*Id.* at 85, 243 S.E.2d at 758.

Likewise in *Wearring v. Belk Brothers*, 38 N.C. App. 375, 248 S.E.2d 90 (1978), this Court reversed the trial court's determination that there had been insufficient service of process where the caption of the summons stated: "Dorothy Wearring, Plaintiff Against Belk Brothers, Inc., Defendant," but the summons was directed to "Mr. Leroy Robinson, Exec. V.P., Belk Uptown, 115 East Trade Street, Charlotte, North Carolina." *Id.* This Court reasoned the caption of the summons and the complaint showed the corporation rather than the individual was being sued, so that process was sufficient. *Id.* at 377, 248 S.E.2d at 91. In doing so, this Court stated:

> Fundamental fairness requires that a summons should be of sufficient particularity so as to leave no reasonable doubt as to whom it is directed. However, this requirement does not force the courts to overlook the obvious when determining the validity of a summons . . . . '[W]hen the name of the defendant is sufficiently stated in the caption of the summons and in the complaint, such that it is clear that the corporation, rather than the officer or agent receiving service, is the entity being sued, the summons, when properly served upon an officer, director or agent specified

in N.C.R. Civ. P. 4(j)(6) is adequate to bring the corporate defendant within the trial court's jurisdiction.'

*Id.* at 376-77, 248 S.E.2d at 90-91 (citations omitted).

In the instant case, while the summons did not indicate in what capacity Ms. Koontz was being served, it did name Watauga Building Supply, Inc. as defendant. Therefore, the summons and complaint clearly show defendant is Watauga Building Supply, Inc. and not Ms. Koontz. The trial court erred in granting defendant's motion to dismiss on the basis of insufficient process.

[2] We next consider whether plaintiff's failure to identify Ms. Koontz as the registered agent or president of defendant on the summons was fatally defective. Plaintiff argues Rule 4(j)(6) "does not on its face require that the particular capacity of the officer or agent be stated in the directory paragraph of the [s]ummons, on the certified mail card or receipt, or on the return of service." Plaintiff further contends the record shows Ms. Koontz was the registered agent and president of defendant, who was served with the summons and complaint by certified mail and personal service.

On the other hand, defendant contends service of process in this case is insufficient under *Fulton v. Mickle*, 134 N.C. App. 620, 518 S.E.2d 518 (1999). In that case, plaintiff served defendant insurance company by mailing a copy of the summons and complaint by regular mail to defendant's claims examiner. *Id.* at 621, 518 S.E.2d at 519. This Court held that under Rule 4(j)(6)(c) of the Rules of Civil Procedure, this method of service failed in two respects: (1) process was not sent by certified or registered mail, return receipt requested; and (2) process was not addressed to an officer, director or agent authorized to receive service of process. *Id.* at 624, 518 S.E.2d at 521, N.C.R. Civ. P. 4(j)(6)(c). This case is distinguished from the instant case, as Ms. Koontz was authorized to receive service of process on behalf of defendant.

Defendant further points out the return of service section on the summons does not indicate Ms. Koontz' title nor that defendant is a corporation. Defendant concludes that since Ms. Koontz was listed on the summons only as an individual, defendant received insufficient notice of the lawsuit and therefore service of process did not comply with Rule 4(j)(6)(a) or (b). N.C.R. Civ. P. 4(j)(6)(a)-(b).

This case is analogous to *Williams v. Burroughs Wellcome Co.*, 46 N.C. App. 459, 265 S.E.2d 633 (1980), where plaintiff filed an action

against the corporate defendant, Burroughs Wellcome Co., and against its personnel manager, James Rostar, individually. The sheriff's return indicated that each summons was served on Burroughs and Mr. Rostar by leaving a copy with Carol Allen in the corporation's office. *Id.* at 460, 265 S.E.2d at 634. The trial court denied defendant corporation's motion to dismiss for insufficiency of service of process. *Id.* at 461, 265 S.E.2d at 634. Defendant contended the summons was defective on its face because it failed to recite in what capacity, if any, Carol Allen was acting when service was made upon her. *Id.* at 462, 265 S.E.2d at 635. This Court did not find this to be a fatal error and stated:

> Assuming that this return is incomplete in that it fails to specify in detail the agency of Carol Allen and the manner in which service upon her constituted compliance with G.S. 1A-1, Rule 4(j)(6), the significant factor in determining whether the court acquired jurisdiction over the corporate defendant here is whether the manner of service itself, rather than the return of the officer showing such service, complied with the applicable statute. 'It is the service of summons and not the return of the officer that confers jurisdiction.'

*Id.* at 462, 265 S.E.2d at 635, *quoting State v. Moore*, 230 N.C. 648, 649, 55 S.E.2d 177, 178 (1949). This Court then remanded the case to the trial court to determine whether Carol Allen was apparently in charge of the office as a "managing agent" which would comply with the service of process requirement. *Id.* at 464-65, 265 S.E.2d at 636-37.

As stated in *Williams*, it is the better practice to identify in what capacity the person receiving service is acting; however, such failure is not fatal. The question is whether the manner of service complies with Rule 4(j)(6). Proper service of process upon a corporation can be made by "delivering a copy of the summons and of the complaint to an officer," or by "delivering a copy of the summons and complaint to an agent authorized by appointment or by law to be served or to accept service." N.C.R. Civ. P. 4(j)(6)(a)-(b). Every corporation in our State must maintain a registered office and registered agent in the State. Ms. Koontz was the registered agent of defendant.

Here, the return of service shows that copies of the summons and complaint were delivered to Ms. Koontz and there is no evidence to contradict the affidavit of service filed by plaintiff's attorney identifying Ms. Koontz as the president and registered agent of defendant.

TREXLER v. NORFOLK S. RY. CO.

[145 N.C. App. 466 (2001)]

We conclude that plaintiff sufficiently complied with the requirements of Rule 4(j)(6) by delivering a copy of the summons and complaint to Ms. Koontz.

Thus, the trial court erred in granting defendant's motion to dismiss this action based on insufficient service of process and lack of jurisdiction over defendant.

Reversed.

Judges HUNTER and TYSON concur.