Battle, J.
 

 This was a motion to set aside a judgment taken by default in the Superior Court of Wayne, and was
 
 *138
 
 based upon several grounds, of which only two have been insisted upon in this court.
 

 1. It is insisted, in the first place, that the writ was not served upon an officer of the Bank of Wilmington as directed by the 24th section of the 26th chapter of the Revised Code. That section directs that the process shall ■be served upon the president or other head, cashier, ■treasurer or director of the company. The return of the ¡sheriff in the present case was, “ served a copy of the within ■on Col. John McRae.” It is admitted that Col. John McRae was the president of the bank, but it is contended that the fact that he was so ought to have been set forth in the return.
 

 The object of the law was to give notice to the company of the suit brought against it, and that was accomplished by leaving a copy of the writ with one of its officers, whether the return stated his name simply, or stated it it with the addition of his official character. In either case, if the court were not satisfied that the process was ¡served upon an officer of the company, it might call for ¡affidavits to prove the fact, before suffering a judgment by «default to be taken. But even admitting that the return in ■this case is not strictly formal, it is certainly cured after judgment by force of the Revised Code, ch. 3d, sec. 5. One •of the defects of process, which by that act is made good ■after a judgment, is “any imperfect or insufficient return of ¡any sheriff or other officer.”
 

 2. It is contended, in the second place, that by the act of 1861, 2d extra session, ch. 10, sec. 3, the defendant was “not compelled to plead for twelve months from the return term,” and that therefore the judgment which was taken at the return term was irregular and void. To this the complainant replies that the defendant was bound to enter its appearance by attorney before it could claim the benefit of the act with regard to the time for pleading. But the defendant contends
 
 *139
 
 that appearance and pleading mean the same thing, and that therefore it was not bound to appear and enter its pleas until the expiration of the time specified in the statute. We are clearly of opinion that in this conflict of argument the complainant is right. According to the principles of pleading, as laid down in all the works on the subject, appearance is a distinct act from pleading, and must always precede it; and in the construction of the act referred to, we must presume, until the contrary appears, that the well-known order of proceeding in a suit was intended. This order is recognized and enforced by our statute law. In the Revised Code, ch. 31, sec 37, the following, among other “Rules of Court,” are laid down: “(1.) The complainant shall file his declaration &c. (2.) The defendant shall appear and plead or demur at the same term to which the writ is returnable, otherwise the complainant may have judgment by default, &c.; Provided, that where the nature of the action requires special pleading, the time for pleading may be enlarged.” Here
 
 appearance
 
 and
 
 pleading
 
 are evidently spoken of as distinct acts, of which the former must precede the latter. It is manifest too that the defendant must appear,' that is, enter his appearance upon the docket, and then crave the enlargement of the time for pleading upon showing that the nature of his action requires special pleading. So under the act of 1861, ch. 10, sec. 3, the'defendant must enter his appearance at the return term of the court, and then demand the extended time for pleading given in the act. Our conclusion is that the judgment by default, having been properly taken according to the regular course and practice of the court, ought not to have been set aside.
 
 Davis
 
 v. Shaver, ante, p. 18;
 
 Sharpe
 
 v.
 
 Rintels, Ibid,
 
 34 For this cause the order made in the court below must be reversed.
 

 From the statement of the case made by his Honor the presiding Judge, and sent to this court, it appears that the
 
 *140
 
 judgment was taken for too much interest. The action being founded upon the promissory notes of a bank, the cause of action did not accrue until a demand and refusal, and the notes did not begin to bear interest until that time.
 

 The counsel for the complainant has agreed to remit the excess, and it is therefore unnecessary for us to take any further notice of this point, oven if we could do so upon this appeal.
 

 Per Curiam. Order reversed.