ROYAL FURNITURE COMPANY v. WICHITA FURNITURE COMPANY.

(Filed 8 December, 1920.)

**Summons—Process—Service—Nonresidents—Principal and Agent—Corporations.**

Under the principle that valid service of summons can be made upon a nonresident, by service upon his agent here having charge or management of a branch of his principal's business requiring the exercise of his own

judgment or discretion; it is held that service in this State, upon the agent of a nonresident furniture corporation, who had discretionary power or judgment in purchasing furniture, is valid in plaintiff's action to recover on a contract of sale of furniture made with the same person.

APPEAL by defendant from *Harding, J.,* at the May Term, 1920, of CALDWELL.

This is an action to recover $324 alleged to be due by contract.

The defendant, a foreign corporation, entered a special appearance, and moved to dismiss upon the ground that H. T. Leslie was not a managing agent of defendant, and upon the hearing of the motion the following facts were found and the following order made:

"1. A summons was issued herein on 27 August, 1919, which was served by the sheriff of Caldwell County on that date. The sheriff made return as follows: 'Served on 27 August, 1919, by leaving a copy of the same with H. T. Leslie, managing agent of the defendant company.'

"2. The defendant is a corporation of the State of Kansas. The said H. T. Leslie is its employee, but is not an officer or director of the corporation.

"3. That at the time of the service of the said summons upon the said H. T. Leslie in Lenoir, Caldwell County, the said H. T. Leslie was on a visit to said town in behalf of the defendant for the purpose of buying furniture for the defendant. The said Leslie is buyer of the defendant corporation, and has authority to make purchases as above. The order upon which the controversy and suit arose was made by said Leslie in behalf of his principal. The refusal to pay the bill which is the subject of this suit was made by defendant through the agency of the said Leslie. Upon the occasion when the service was made upon the said Leslie he was present in North Carolina for the purpose of making contracts for merchandise for the defendant, and did actually enter into contracts for the purchase of furniture in behalf of said defendant.

"The court therefore holds that the said Leslie having power to contract a debt for the defendant corporation within this State, is such a managing agent that he may be served with summons for the recovery of said debt, and denies the motion of defendant upon its special appearance, and directs that answer be filed within thirty days from the adjournment of this term." Defendant excepted.

The action was afterwards tried, and from a judgment for the plaintiff defendant appealed.

*Mark Squires for plaintiff.*
*Lawrence Wakefield for defendant.*

FURNITURE Co. *v.* FURNITURE Co.

ALLEN, J. · Leslie, upon whom the summons was served, made the contract for the defendant on which this action rests. He was the buying agent of the defendant, and as such had to exercise his discretion and rely on his own judgment. At the time the summons was served he was in North Carolina, engaged in making contracts for the defendant for merchandise, and while here did make such contracts. The letter refusing to pay the claim of the plaintiff is signed, ".The Wichita Wholesale Furniture Company, per H. T. Little."

These facts fully sustain the ruling that Leslie was a managing agent upon whom service of the summons could be made.

"The term 'managing agent' has no strict legal definition, and it is not easy to formulate or lay down a general rule that will govern all cases. The question must depend in every case on the kind of business conducted by the corporation, what the general duties of the supposed 'managing agent' are, and whether it can be fairly said that service on such agent would bring notice to the corporation. Much discussion may be found in the cases on this question, and it is one on which there is some disagreement. The earlier cases held that a managing agent was one who had full and complete authority in all branches of the corporation's business. The later decisions, however, are more liberal in their interpretation of the term, and the weight of authority and the better rule is that a managing agent is one who has exclusive supervision and control of some department of the corporation's business, the management of which requires of such person the exercise of independent judgment and discretion, and the exercise of such authority that it may be fairly said that service of summons on him will result in notice to the) corporation." 21 R. C. L., 1353.

"The object of the service is attained when the agent served is of sufficient rank and character as to make it reasonably certain that the corporation will be notified of the service, and the statute is complied with if he be a managing or business agent on any specified line of business transacted by the corporation in the State where the service is made." *Denver & R. G. R. Co. v. Roller,* 100 Federal (C. C. A.), 741.

"As a general rule, a managing agent of a foreign corporation, within the contemplation of a statute authorizing service of process on such an officer, is one whose position, rank, and duties make it reasonably certain that the corporation will be appraised of the service made; in other words, one who stands in the shoes of the corporation in relation to the particular business managed by him for the corporation. *Doe v. Springfield Boiler & Mfg. Co.,* 44 C. C. A., 128; 104 Fed., 864; *Palmer v. Chicago Evening Post Co.,* 85 Hun., 403; 32 N. Y. Supp., 992; Beale, Foreign Corp., sec. 273; Murfree, Foreign Corp., sec. 215." Note 4 L. R. A. (N. S.), 460.

"It may be said, however, that the later decisions are more liberal in interpreting the term 'managing agent' than were the earlier ones. While no general rule can be stated which will serve to assist in determining the matter, such managing agent must be in charge, and have the management of some department of the corporation's business, the management of which requires of the agent the exercise of an independent judgment and discretion; not that he shall not be under the general direction of the corporation; all agents are subject to the general control of their principals, but in the management of his particular department he shall have authority to manage and conduct it at his discretion and judgment direct." *Federal Betterment Co. v. Reeves,* 4 L. R. A. (N. S.), 465.

"A person who has authority to contract a debt for the corporation within this State is so far the managing agent within the State that service may be had upon him for that debt that will bind the corporation. The agent is commissioned to contract the debt, and the corporation thereby secures the benefit of his services. It must also take the burden of being liable to an action therefor." *Klopp, Bartlett & Co. v. C. C. G. W. Co.,* 33 Am. St., 669.

We need not, however, go further than our own State, as the same principle is stated by *Hoke, J.,* in *Whitehurst v. Kerr,* 153 N. C., 79, as follows: "While there is some apparent conflict of decision in construing these statutes providing for service of process on corporations arising chiefly from the difference in the terms used in the various statutes on the subject, the cases will be found in general agreement on the position that in defining the term 'agent' it is not the descriptive name employed, but the nature of the business and the extent of the authority given and exercised which is determinative, and the word does not properly extend to a subordinate employee without discretion, but must be one regularly employed, having some charge or measure of control over the business entrusted to him, or of some feature of it, and of sufficient character and rank as to afford reasonable assurance that he will communicate to his company the fact that process has been served upon him."

All of these conditions are met in this case; the defendant was notified of the service, and the motion to dismiss was therefore properly denied.

No exceptions were taken by the defendant on the trial of the issues.