JOAN ANN SOUTHERN v. WILLIAM MONROE SOUTHERN

No. 7821DC1162

(Filed 2 October 1979)

1. **Divorce and Alimony § 16.2— alimony without divorce—verified complaint not necessary**

    Verification of the complaint in an action for alimony without divorce is no longer required.

2. **Divorce and Alimony § 21.8; Judgments § 51.1— English judgment for alimony and child support—no enforcement in N. C. courts**

    The district court in Forsyth County could not properly give effect to a judgment for alimony and child support rendered in England against a North Carolina resident based on service in North Carolina by uncertified and unregistered mail where defendant, an American citizen, married plaintiff in England, but England was not the parties' matrimonial domicile, the marriage in England was insufficient to give the English courts jurisdiction to render a judgment against defendant which could be enforced in our courts, and there were no other contacts which would give the English courts such jurisdiction.

APPEAL by defendant from *Freeman, Judge.* Order entered 18 October 1978 in District Court, FORSYTH County. Heard in the Court of Appeals 27 August 1979.

This suit was brought in the District Court in Forsyth County to recover the dollar equivalent of arrearages due under an English decree for alimony and child support and to obtain an award of future alimony and child support.

Plaintiff in the present action, an English citizen and resident, and defendant, a resident of Forsyth County, were married in London, England, on 25 February 1971. On 20 May 1972, a

child, Justin Mark Southern, was born to the marriage. On 7 March 1976 plaintiff filed a petition for divorce in the Croydon County court in England. Defendant was served in Forsyth County, N.C., with notice of the action by unregistered and uncertified mail. On 24 September 1976 plaintiff prayed in the same court for alimony and child support. Defendant neither answered nor made any appearance in the action. By order of the English court dated 29 March 1977, plaintiff was awarded alimony of 3,000 pounds per annum pending final decree in the divorce action, and child support of 1,000 pounds per annum. A decree of absolute divorce was entered by the English court on 30 March 1978.

In the meantime, on 12 October 1977, plaintiff instituted the present action by complaint in the District Court in Forsyth County alleging that defendant abandoned her in June 1972 by moving out of their residence in Winston-Salem, that he had assaulted her on numerous occasions, and that he failed to provide her and the child with necessary essentials, so that plaintiff was forced to return with the child to her native England. She further alleged that defendant had failed to comply with the order of the English court directing him to pay maintenance and child support, and she sought judgment for the dollar equivalent of the arrearages due under the English decree as well as future alimony and child support.

Defendant answered, denying the material allegations of the complaint and raising the defense that the English court lacked personal jurisdiction to enter a judgment against him. He also defended on the ground that plaintiff had failed to personally verify her complaint.

On 14 July 1978 defendant moved under Rule 12(b)(6) of the Rules of Civil Procedure to dismiss the action. Defendant's motion was denied. On said date plaintiff moved for summary judgment. The trial judge granted plaintiff's motion for summary judgment as to arrearages due under the alimony and child support provisions of the English decree in the dollar equivalent amount of $14,058.56. Plaintiff was ordered to proceed with her claim for future child support. Defendant appeals from the order denying his motion to dismiss and granting summary judgment to plaintiff.

*Willie C. Dawson for defendant appellant.*

*No counsel contra.*

PARKER, Judge.

[1]  In his first assignment of error, defendant contends that the court improperly denied his motion to dismiss under G.S. 1A-1, Rule 12(b)(6). He relies principally on the claim that plaintiff's failure to verify her complaint deprived the court of subject matter jurisdiction. Although the Order and Judgment of the trial court recites that plaintiff did verify the complaint prior to judgment, there is no evidence of such a verification in the record.

Prior to 1967, G.S. § 50-16 provided in pertinent part:

"In actions [for alimony without divorce] brought under this section, the wife shall not be required to file the affidavit provided in § 50-8, but shall verify her complaint as prescribed in the case of ordinary civil actions."

By virtue of this statute a court was without subject matter jurisdiction to entertain an action for alimony in which the complaint was not verified. *Hodges v. Hodges,* 226 N.C. 570, 39 S.E. 2d 596 (1946). However, former G.S. 50-16 was repealed by 1967 Sessions Laws, ch. 1152, s. 1. Verification of a complaint in an action for alimony without divorce is no longer required. 2 Lee N.C. Family Law § 143 (1976 Supp.). Therefore, defendant's first assignment of error is without merit.

[2]  Defendant next assigns error to the trial court's grant of summary judgment to plaintiff as to arrearages due under the English decree. The issue presented is whether the district court in Forsyth County properly gave effect to the judgment of a foreign country entered against a North Carolina resident based on service in North Carolina by uncertified and unregistered mail. Although the Full Faith and Credit Clause of the U.S. Constitution does not apply to decrees of foreign nations, certain foreign decrees may be given effect in our courts under the principle of the comity of nations:

"Comity", in the legal sense, is neither a matter of absolute obligation on the one hand, nor of mere courtesy and good will upon the other. But it is the recognition which one nation

allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens . . . .

*Hilton v. Guyot*, 159 U.S. 113, 163-164, 16 S.Ct. 139, 143, 40 L.Ed. 95, 108 (1895).

However, our courts may enforce a judgment *in personam* only where it was rendered by a foreign court having jurisdiction of the cause and of the parties. *Hilton, supra*. The Matrimonial Causes Act of England, 1973, §§ 22 and 23, grants subject matter jurisdiction to the English courts to resolve issues of ancillary financial relief in divorce actions. Under Rule 14(1) of the Matrimonial Causes Rules, service of process in such actions may be made by personal service or by mail. Although the English judgment rendered against defendant may be enforceable in the English courts under English standards of jurisdiction, the courts of this state may not enforce it unless there is a showing that the exercise of jurisdiction over defendant by the English court satisfied our concepts of due process. *Bank of Montreal v. Kough*, 430 F. Supp. 1243 (N.D. Cal. 1977); *Cherun v. Frishman*, 236 F. Supp. 292 (DDC 1964); *Ross v. Ostrander*, 192 Misc. 140, 79 N.Y.S. 2d 706 (1948). *See also* Wurfel, "Recognition of Foreign Judgments," 50 N.C.L. Rev. 21, 69 (1971); von Mehren, "Enforcement of Foreign Judgments in the U.S.," 17 Virginia Journal of International Law 401 (1977).

Under the law of our state, judgment for alimony and child support are *in personam*. *Brondum v. Cox*, 292 N.C. 192, 232 S.E. 2d 687 (1977); *Fleek v. Fleek*, 270 N.C. 736, 155 S.E. 2d 290 (1967). The due process standard governing the exercise of *in personam* jurisdiction was established by the U.S. Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945):

[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' (Citations omitted).

Recently, in *Kulko v. California Superior Court*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed. 2d 132, reh. den. 438 U.S. 908, 98 S.Ct. 3127, 57 L.Ed. 2d 1150 (1978), the Supreme Court addressed the question of constitutional limitations on the judicial exercise of personal jurisdiction over nonresident defendants in actions for child support. In that case, a California resident brought suit in the courts of that state against her divorced husband, a New York resident, seeking an increase in child support. Defendant moved to quash service, contending that the California court lacked personal jurisdiction over him. The motion was denied. On appeal from a decision of the California Supreme Court holding that defendant had rendered himself subject to the jurisdiction of the California courts, the U.S. Supreme Court reversed. Applying the standard of *International Shoe*, the Court held that defendant's acquiescence in his daughter's living in California was clearly an insufficient basis under the due process clause of the fourteenth amendment for the exercise of *in personam* jurisdiction. The Court went on to state:

> "We agree that where two New York domiciliaries, for reasons of convenience, marry in the state of California and thereafter spend their entire married life in New York, the fact of their California marriage by itself cannot support a California court's exercise of jurisdiction over a spouse who remains a New York resident in an action relating to child support."

436 U.S. at 93, 56 L.Ed. 2d at 142, 98 S.Ct. at 1697.

In the present case, defendant, an American citizen, married plaintiff in London, England. However, there is no indication in the record that England was the parties' martimonial domicile or that there were any contacts other than the marriage itself sufficient to justify imposing upon defendant the burden of defending suit in England. See *Kulko, supra* at 91, 98 S.Ct. at 1697, 56 L.Ed. 2d at 141. In the absence of such contacts, the English court lacked jurisdiction to render a judgment *in personam* against defendant which could be enforced in our courts, and the district court in Forsyth County erred in granting summary judgment to plaintiff as to arrearages due under the English decree.

The award to plaintiff of Judgment for $14,058.56 in arrearages due under the English decree is vacated, and the cause

is remanded to the district court in Forsyth County for further proceedings to determine what payments, if any, defendant should be required to make for future support.

Vacated and remanded.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.