REV. ELBERT WILLIAMS v. BURROUGHS WELLCOME CO. AND JAMES ROSTAR

No. 783SC394

(Filed 6 May 1980)

1. **Process § 4— proof of service—officer's return—additional proof—amendment of return**

    Although G.S. 1-75.10 provides that an officer's return shall constitute proof of service in fact, and the better practice is for officers to make their return specifying in detail upon whom and in what manner process was served, the statute does not preclude a plaintiff, in a case where the return on its face does not affirmatively disclose facts showing nonservice, from offering additional proof to establish that service was made as required by law. Alternatively, the officer may be permitted to amend the proof of service unless it clearly appears that material prejudice would result to substantial rights of the party against whom the process is issued. G.S. 1A-1, Rule 4(i).

2. **Process § 12— service on corporation—person apparently in charge of office—office of managing agent**

    The evidence was sufficient to support the court's determination that service of process was made on a person "apparently in charge" of an office of the corporate defendant within the meaning of G.S. 1A-1, Rule 4(j)(6) where it showed that the person on whom the process was served worked as a secretary to the personnel manager of the corporate defendant's Greenville plant; when the deputy arrived to serve process, the personnel manager was not present in the office; and the secretary told the deputy that "she was in charge of the office" in the absence of the personnel officer. However, the court's conclusion that the office was that of a "managing agent" within the meaning of G.S. 1A-1, Rule 4(j)(6) was not supported by its finding that the personnel manager "was an employee in a management position," since whether such a person is a "managing agent" within the meaning of the statute can only be determined with reference to his specific duties and the degree of discretion granted by his employer.

APPEAL by defendant from *Bruce, Judge*. Order signed 24 February 1978 in Superior Court, PITT County. Heard in the Court of Appeals 6 February 1979.

This civil action was brought by plaintiff against the corporate defendant Burroughs Wellcome Co. and against James Rostar, individually, personnel manager of the corporate defendant, to recover damages allegedly resulting from the individual defendant's wrongful termination of plaintiff's employment with defendant corporation on 4 October 1976 and the publication of libelous and slanderous remarks concerning plaintiff. The action

was commenced on 3 October 1977 by issuance of summons and an order extending the time in which to file a complaint. The sheriff's return recited that the summons and order were served as follows.

> On James Rostrar [sic], Defendant, on the 7th day of Oct., 1977 by leaving a copy with Carol Allen at the following place: Burroughs Wellcome Co., Greenville.

> On Burroughs Wellcome Co., Defendant, on the 7th day of Oct., 1977, by leaving a copy with Carol Allen at the following place: Burroughs Wellcome Co., Greenville, N.C.

> \* \* \*

> RALPH L. TYSON, Sheriff of Pitt County, N.C.
> By: s / Billy Tripp
> Date: 10-7-77.

On 24 October 1977, within the time granted by the order extending time, plaintiff filed his complaint, which was properly served on 26 October 1977 on G. H. Leslie, plant manager of Burroughs Wellcome Co., Greenville, N.C. and on James Rostar.

On 3 November 1977 both defendants moved pursuant to G.S. 1A-1, Rule 12(b)(5) to dismiss the complaint upon the grounds of insufficiency of service of process. Following a hearing on the motion, the trial court entered an order dismissing the action as to the individual defendant, James Rostar, for lack of personal jurisdiction. As to the corporate defendant, the court made the following findings of fact:

> 1. That a Summons was issued in this action on the 3rd day of October, 1977, running to the defendants, Burroughs Wellcome Co. and James Rostar;

> \* \* \*

> 3. A copy of said Summons was purportedly served on Burroughs Wellcome Co. on the 7th day of October, 1977, by leaving a copy with Carol Allen at Burroughs Wellcome Co., Greenville, North Carolina.

> 4. That James Rostar did not on the 7th day of October, 1977, reside at Burroughs Wellcome Co. but was an employee in a management position of Burroughs Wellcome Co.;

5. That Billy Tripp, Deputy Sheriff of Pitt County, went to Burroughs Wellcome Co. on the 7th day of October, 1977, and upon inquiry, was told by Carol Allen that the Plant Manager of Burroughs Wellcome Co. was not there and that neither was James Rostar and that in the absence of the Plant Manager and James Rostar that the said Carol Allen was in charge of the office at Burroughs Wellcome Co.;

Based on these findings, the court concluded as a matter of law that summons was properly served in accordance with G.S. 1A-1, Rule 4(j)(6) upon defendant corporation and denied its motion to dismiss. From the portion of the order denying defendant Burroughs Wellcome Co.'s motion to dismiss, the corporate defendant appealed.

*Braswell & Taylor by Roland C. Braswell, for plaintiff appellee.*

*Speight, Watson & Brewer, by W. H. Watson for defendant appellant.*

PARKER, Judge.

The issue presented on this appeal is whether the trial court properly denied defendant corporation's motion to dismiss on the grounds of insufficiency of service of process.

Where a civil action is commenced by issuance of summons and an order extending the time to file a complaint, the summons and the court's order are to be served in accordance with the provisions of G.S. 1A-1, Rule 4. G.S. 1A-1, Rule 3. G.S. 1A-1, Rule 4 provides in pertinent part:

(j) *Process—manner of service to exercise personal jurisdiction.*—In any action commenced in a court of this State having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in G.S. 1-75.4, the manner of service of process shall be as follows:

\*     \*     \*

(6) Domestic or Foreign Corporation.—Upon a domestic or foreign corporation:

a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation

or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office . . .

Under G.S. 1-75.10(1)(a), where the defendant appears in the action and challenges the service of summons by the sheriff of the county where the defendant was found, proof of service shall be "by the officer's certificate thereof, showing place, time and manner of service." When the return upon its face shows legal service by an authorized officer, that return is sufficient, at least *prima facie*, to show service in fact. *Guthrie v. Ray*, 293 N.C. 67, 235 S.E. 2d 146 (1977); *Harrington v. Rice*, 245 N.C. 640, 97 S.E. 2d 239 (1957).

[1]  The officer's return in the present case stated that the summons and order were served on Burroughs Wellcome Co. on 7 October 1977 "by leaving a copy with Carol Allen at the following place: Burroughs Wellcome Co., Greenville, N.C." Defendant contends that the return is defective on its face in that it fails to recite in what capacity, if any, Carol Allen acted on behalf of the corporate defendant when service was purportedly made. Assuming that this return is incomplete in that it fails to specify in detail the agency of Carol Allen and the manner in which service upon her constituted compliance with G.S. 1A-1, Rule 4(j)(6), the significant factor in determining whether the court acquired jurisdiction over the corporate defendant here is whether the manner of service itself, rather than the return of the officer showing such service, complied with the applicable statute. "It is the service of summons and not the return of the officer that confers jurisdiction." *State v. Moore*, 230 N.C. 648, 649, 55 S.E. 2d 177, 178 (1949). Although G.S. 1-75.10 provides that the officer's return shall constitute proof of service in fact, and the better practice is for officers to make their return specifying in detail upon whom and in what manner process was served, we do not construe that statute as precluding the plaintiff, in a case where the return on its face does not affirmatively disclose facts showing nonservice, from offering additional proof to establish that service was made as required by law. *See, Crawford v. Bank*, 61 N.C. 136 (1867). Alternatively, the sheriff may be permitted to amend the proof of service unless it clearly appears that material prejudice would result to substantial rights of the party against whom the process issued. G.S. 1A-1, Rule 4(i).

[2] Proceeding to the question of the sufficiency of the service itself, we consider whether the court's findings of fact support its conclusion that defendant Burroughs Wellcome Co. was properly served in accordance with the provisions of G.S. 1A-1, Rule 4(j)(6). The validity of service in the present case must rest upon compliance with that portion of G.S. 1A-1, Rule 4(j)(6) which permits delivery of summons "to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office." The trial court concluded as a matter of law that the summons "was, in fact, served upon Burroughs Wellcome Co. in that Carol Allen was on the 7th day of October, 1977, pursuant to N.C.G.S. 1A-1, Rule 4(j)(6), a person apparently in charge of the office of a managing agent of Burroughs Wellcome Co." This conclusion is based on Findings of Fact Nos. 4 and 5 as follows:

> 4. That James Rostar did not on the 7th day of October, 1977, reside at Burroughs Wellcome Co. but was an employee in a management position of Burroughs Wellcome Co.;

> 5. That Billy Tripp, Deputy Sheriff of Pitt County, went to Burroughs Wellcome Co. on the 7th day of October, 1977, and upon inquiry, was told by Carol Allen that the Plant Manager of Burroughs Wellcome Co. was not there and that neither was James Rostar and that in the absence of the Plant Manager and James Rostar that the said Carol Allen was in charge of the office at Burroughs Wellcome Co.

Defendant has assigned error to Finding of Fact No. 5 on the ground that it is unsupported by competent evidence in the record. The corporation contends that the testimony of the deputy sheriff that Carol Allen told him at the time he served the summons and order that "she was in charge of the office" in the absence of the personnel officer was inadmissible hearsay, upon which Finding of Fact No. 5 cannot be based. This contention is without merit. G.S. 1A-1, Rule 4(j)(6)(a) does not require that the person upon whom summons is served be in fact in charge of the office of the officer, director or managing agent of the corporation, merely that the person be "apparently in charge". Evidence presented at the hearing disclosed that Carol Allen worked in the Personnel Department as a secretary and that James Rostar, per-

sonnel manager of the corporate defendant's Greenville plant was her immediate supervisor. On 7 October 1977 when the deputy arrived to serve process, James Rostar was not present in the office. Thus, evidence as to what the sheriff was told by Carol Allen at that time was competent to show that she was "apparently in charge" and forms a sufficient basis for finding of fact No. 5. That finding, in turn, is sufficient to support the portion of the court's conclusion of law that service was made on a person "apparently in charge of the office." The question remains, however, whether the office of which Carol Allen was apparently in charge was that of a "managing agent" of Burroughs Wellcome Co., as required by Rule 4(j)(6)(a). The court's conclusion that the office was that of such an agent rests solely upon its finding that James Rostar "was an employee in a management position." We hold that this finding is insufficient in itself to support the conclusion that James Rostar was a "managing agent" of defendant Burroughs Wellcome Company within the meaning of G.S. 1A-1, Rule 4(j)(6). The service of process upon a corporation by service upon a "managing agent" thereof was authorized by statute in our state as early as 1868 under Sec. 82, Code of Civil Procedure. In *Furniture Co. v. Furniture Co.*, 180 N.C. 531, 105 S.E. 176 (1920), our Supreme Court discussed the meaning of the term "managing agent" as used in a predecessor statute to G.S. 1A-1, Rule 4(j)(6):

> "As a general rule, a managing agent of a foreign corporation, within the contemplation of a statute authorizing service of process on such an officer, is one whose position, rank, and duties make it reasonably certain that the corporation will be appraised of the service made; in other words, one who stands in the shoes of the corporation in relation to the particular business managed by him for the corporation (citations omitted).

> It may be said, however, that the later decisions are more liberal in interpreting the term "managing agent" than were the earlier ones. While no general rule can be stated which will serve to assist in determining the matter, such managing agent must be in charge, and have the management of some department of the corporation's business, the management of which requires of the agent the exercise of an independent judgment and discretion; not that he shall not be under the general direction of the corporation; all agents are subject to

the general control of their principals, but in the management of his particular department he shall have authority to manage and conduct it at [sic] his discretion and judgment direct."

180 N.C. at 533-534, 105 S.E. at 177. *See*, Annot. 71 A.L.R. 2d 178 (1960).

Thus, it is apparent that the question of who may be a "managing agent" upon whom service of process is authorized depends upon the facts and circumstances of the particular case. The court's finding in the present case, that James Rostar was an employee in a "management position" of defendant Burroughs Wellcome Co., however, does not resolve that question. Through the years the structure of corporate organization has become increasingly complex, such that the body of persons who are classified as "management" in any particular corporation is large indeed. "Management" may encompass all individuals who hold positions as high as that of chief executive officer of the corporation and as low as that of production foreman. As to the latter, whether such a person would be a "managing agent" within the contemplation of the statute could only be determined with reference to his specific duties and the degree of discretion granted by his employer. Thus, the fact that a production foreman might technically hold a management position within the corporate hierarchy would not alone support a conclusion that he was a person upon whom service of process could properly be made. Similarly, the bare finding here that James Rostar was an employee in a management position cannot support such a conclusion, and for this reason, the case must be remanded. We express no opinion, of course, as to whether James Rostar is in fact a "managing agent," but hold only that, upon rehearing, the facts of the case be considered in light of the applicable legal principles.

That portion of the order appealed from denying defendant Burroughs Wellcome's motion to dismiss plaintiff's complaint for insufficiency of service of process is vacated and this cause is remanded to the Superior Court in Pitt County for further proceedings not inconsistent herewith to determine the validity of the service of process upon the corporate defendant.

Order vacated and cause remanded.

Judges ARNOLD and WEBB concur.