STATE ex rel. DESSELBERG v. PEELE

[136 N.C. App. 206 (1999)]

STATE OF NORTH CAROLINA by and through the ANSON/RICHMOND CHILD SUP-
PORT ENFORCEMENT AGENCY, ex rel, ANITA H. DESSELBERG, Plaintiff v.
DANNY R. PEELE, Defendant

No. COA99-151

(Filed 21 December 1999)

### 1. Process and Service— personal jurisdiction—certificate of addressing and mailing—foreign child support order

Although there was no affidavit averring the circumstances of service as required by N.C.G.S. § 1-75-10(4) to prove service by mail in a foreign country, the trial court did not err in concluding a German court had personal jurisdiction over defendant-father in a child support matter because the actions of the German court and the U.S. Marshal's office satisfied the requisite proof of service since plaintiff is able to prove service by mail in a foreign country by a certificate of addressing and mailing by the clerk of court, just as a North Carolina citizen is allowed to do pursuant to N.C.G.S. § 1A-1, Rule 4(j3).

### 2. Process and Service— certified mail—foreign child support order

Even if the U.S. Marshal's signed statement indicating that the German child support court documents were mailed certified to defendant-father had deficiencies, plaintiff presented satisfactory proof of proper service of process under N.C.G.S. § 1A-1, Rule 4(j)(1)(c) because: (1) the U.S. Marshal sent process by certified mail, return receipt requested, to defendant at the address where defendant admitted he lived; (2) defendant admitted he received papers from the U.S. Marshal service and positively identified his signature on the return receipt; (3) defendant testified he took the papers to his lawyer upon receipt some four months before the noticed trial date; and (4) there was sufficient proof the German court sent an English translation of the summons and complaint.

### 3. Child Support, Custody, and Visitation— support—foreign order—comity

The trial court did not err by giving effect to a German court's judgment of paternity and order for child support because North Carolina courts may recognize and enforce orders from foreign countries under the principle of comity of nations so long as the foreign court has jurisdiction over the cause and the parties.

STATE EX REL. DESSELBERG v. PEELE

[136 N.C. App. 206 (1999)]

Appeal by defendant from order entered by Judge Kevin M. Bridges in Richmond County District Court. Heard in the Court of Appeals 25 October 1999.

*Attorney General Michael F. Easley, by Assistant Attorney General Gerald K. Robbins, for the State.*

*Drake & Pleasant, by Henry T. Drake, for the defendant-appellant.*

EAGLES, Chief Judge.

This case presents the question of whether the District Court of Richmond County may enforce a German court's child support order.

Defendant Danny R. Peele served in the United States Army and was stationed in Germany for fifteen months beginning in September of 1982. Within nine months after defendant left Germany, plaintiff Anita Desselberg gave birth to a son, Danny Frank Desselberg. In 1986, plaintiff filed a complaint with the local court in Habfurt, Germany seeking to establish paternity and child support. The German court then contacted the U.S. Marshal's office to facilitate service on the defendant. On 10 February 1986, the U.S. Marshal's office caused the defendant to be served with notice of the complaint by certified mail at his home in Hamlet, North Carolina. Defendant admitted that he received "the first batch of papers" in February of 1986 and positively identified his signature on the certified mail receipt. Defendant could not remember whether the papers had an English translation, but he did testify that "he knew what they were concerning." Defendant testified that he took the papers he received in the mail to a local attorney, not his appellate counsel. Defendant claims that this attorney told him not to worry about this matter and that he would "get back to [him] on it." Defendant claims that the attorney did not contact him and therefore defendant took no further action.

On 10 June 1986, the German court entered an order determining defendant to be the father of Danny Frank Desselberg and ordering him to pay child support. The German court modified this award by order in 1993 increasing the amount owed. On 14 November 1995, plaintiff registered the German court orders in Richmond County pursuant to the Uniform Reciprocal Enforcement of Support Act, G.S. Ch. 52A, repealed 1995 N.C. Sess. Laws 538 s. 7(a). On 17 November

1995, the Richmond County Sheriff's Office served the Notice of Registration of the Foreign Support Order on the defendant. On 1 December 1995, defendant filed a motion seeking to vacate registration of the order.

On 6 October 1997, the motion was heard in the Richmond County District Court. On 22 February 1998, the trial court issued an order denying defendant's motion to vacate. In its order, the trial court found that defendant had been properly served with the original 1986 complaint. The court also concluded that the plaintiff was entitled to register the foreign support order in Richmond County. Defendant appeals.

Defendant claims that he was not properly served with notice of the original complaint. Defendant argues that the record does not contain a document certifying service of the original complaint. Additionally, defendant claims that there was no English translation of the summons and complaint supplied by the German court. Therefore, defendant contends that the German court insufficiently served him under Rule 4 of the North Carolina Rules of Civil Procedure and that the German court lacked personal jurisdiction over him. Accordingly, defendant argues that North Carolina courts may not enforce the German court's judgment. We disagree and affirm the trial court.

"A court may only obtain personal jurisdiction over a defendant by the issuance of summons and service of process by one of the statutorily specified methods." *Fender v. Deaton*, 130 N.C. App. 657, 659, 503 S.E.2d 707, 708 (1998), *disc. review denied*, 350 N.C. 94, 527 S.E.2d 666 (1999). Absent valid service, a court does not acquire personal jurisdiction and the action must be dismissed. *Id.* The purpose of the service requirement is to provide the party with notice and allow him an opportunity to answer or plead otherwise. *Id.* Here, plaintiff sought service under G.S. § 1A-1 N.C.R. Civ. P. 4(j)(1)(c) (Supp. 1998). Rule 4(j)(1)(c) provides that a party may serve another party "By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivered to the addressee." This method of service is also accepted by international treaty under the Hague Convention. *See Hayes v. Evergo Telephone Company, Ltd.*, 100 N.C. App. 474, 397 S.E.2d 325 (1990). Article Ten of the Convention states:

> Provided the State of destination does not object, the present Convention shall not interfere with—

(a) the freedom to send judicial documents by postal channels directly to persons abroad,

(b) the freedom of judicial officers, officials or other competent persons of the State or origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

20 U.S.T. 362, T.I.A.S. 6638, Article 10. The United States has not objected to service pursuant to "postal channels." *Ackermann v. Levine*, 788 F.2d 830 (2d Cir. 1986).

**[1]** Here, defendant does not dispute that he received the German summons and complaint. Defendant claims that no one properly proved service by filing an affidavit averring the circumstances of service of the German court documents as required by G.S. § 1-75.10(4) (1996). Therefore, defendant argues the German court never had jurisdiction to enter the original 1986 judgment. G.S. § 1A-1 N.C.R. Civ. Pro. 4(j2)(2) (Supp. 1998) provides that "before judgment by default may be had on service by registered mail, the serving party shall file an affidavit with the court showing proof of such service in accordance with the requirements of G.S. § 1-75.10(4)." G.S. § 1-75.11 (1996) states that "where a defendant fails to appear in the action within apt time the court shall before entering a judgment against such defendant require proof of service of the summons in the manner required by G.S. § 1-75.10 . . . ." G.S. § 1-75.10 provides:

Where the defendant appears in the action and challenges the service of the summons upon him, proof of the service of process shall be as follows:

. . . .

(4) Service by Registered or Certified Mail. In the case of service by registered or certified mail, by affidavit of the serving party averring:

a. That a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested;

b. That it was in fact received as evidenced by the attached registry receipt or other evidence satisfactory to the court of delivery to the addressee; and

c. That the genuine receipt or other evidence of delivery is attached.

Further we note that for cases involving service in a foreign country a party may prove service by mail by "an affidavit or a certificate of addressing and mailing by the clerk of court." G.S. § 1A-1 N.C.R. Civ. P. 4(j3) (Supp. 1998).

While there is no affidavit as required by G.S. § 1-75.10, a careful reading of the record indicates that the actions of the German court and the U.S. Marshal's office satisfied the requisite proof of service. A North Carolina citizen may prove service by mail in a foreign country by a certificate of addressing and mailing by the clerk of court. N.C.R. Civ. P. 4(j3). In the interest of fairness, the plaintiff should also be able to prove service by mail in the same fashion. The actions of the German court and U.S. Marshall's Office satisfy this burden.

Here, the Local Court of Habfurt Germany requested service by certificate on Danny R. Peele at Rt. 3, Box 544, Hamlet, North Carolina, pursuant to the Hague Convention. Defendant admitted that he lived at that address when the German court sent the request. The U.S. Marshal's signed statement indicated that the documents were mailed certified as P277 933 485 on 5 February 1986, were served on 10 February 1986 and the receipt returned was signed on 12 February 1986. This signed statement bears the seal of the German court. The record also contains the return receipt bearing the signature of Danny R. Peele. At the hearing, defendant positively identified the signature as being his and testified that he lived at Rt. 3, Box 544, Hamlet, North Carolina, in February of 1986. We hold that this is sufficient competent evidence to support the trial court's findings that the defendant was properly served. Accordingly, we hold that the German court had personal jurisdiction over the defendant and its original judgment is valid.

[2] Assuming arguendo that the U.S. Marshal's signed statement has deficiencies, defendant's argument still fails. This Court has stated that it is the service of process and not the return of the officer which confers jurisdiction. *Williams v. Burroughs Wellcome Co.*, 46 N.C. App. 459, 462, 265 S.E.2d 633, 635 (1980); *Parris v. Disposal, Inc.*, 40 N.C. App. 282, 288, 253 S.E.2d 29, 33, *disc. review*

*denied,* 297 N.C. 455, 256 S.E.2d 808 (1979). In *Williams,* this Court further stated that

> the officer's return shall constitute proof of service in fact, and the better practice is for officials to make the return specifying in detail upon whom and in what manner process was served, we do not construe that statute as precluding the plaintiff, in a case where the return on its face does not affirmatively disclose facts showing nonservice, from offering additional proof to establish that service was made as required by law.

*Williams,* 46 N.C. App. at 462, 265 S.E.2d at 635.

Here, plaintiff presented satisfactory proof of the service of process. Defendant admitted that he lived at Rt. 3, Box 544, Hamlet, North Carolina, in February of 1986. The U.S. Marshal's service sent process by certified mail, return receipt requested, to defendant at that address. Defendant admitted that he received papers from the U.S. Marshal service and positively identified his signature on the return receipt. Additionally, defendant testified that he took the papers to his lawyer upon receipt some four months before the noticed trial date. We hold that this constitutes sufficient proof of service under N.C.R. Civ. Pro. 4(j)(1)(c).

There is also sufficient evidence that the German court sent an English translation of the summons and complaint. Defendant testified that he was not sure whether an English translation accompanied the German summons and complaint. However, defendant did testify in regard to the papers, "that he knew what it was concerning." Further, he took the 1986 complaint and summons to an attorney who was going to write Congress about obtaining a paternity test. Based on this competent evidence, the trial court could have found that defendant was properly served.

[3] Finally, defendant argues that the trial court erred by giving effect to the German court's judgment of paternity and order for child support. Neither the Full Faith and Credit Clause of the United States Constitution nor the Full Faith and Credit for Child Support Orders Act 28 U.S.C. 1738B (1994) applies to orders entered by foreign countries. *See Southern v. Southern,* 43 N.C. App. 159, 258 S.E.2d 422 (1979). However, North Carolina courts may recognize and enforce orders from foreign countries under the principle of comity of nations. *Id.* Comity is "the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another

nation, having due regard both to international duty and convenience, and to the right of its own citizens." *Id.* at 161-62, 258 S.E.2d at 424. So long as the foreign court has jurisdiction over the cause and the parties, our courts may choose to enforce a foreign order. *Id.* at 162, 258 S.E.2d at 424. We have already held that the German court obtained jurisdiction over the defendant. Defendant has made no showing of any fundamental unfairness or a violation of his rights to Due Process. Therefore, the trial court was within its power to enforce the German court's order under the principle of comity. Accordingly, we affirm the trial court.

Affirmed.

Judges JOHN and HUNTER concur.