CRABTREE v. CITY OF DURHAM

[136 N.C. App. 816 (2000)]

BROADUS A. CRABTREE, Plaintiff v. CITY OF DURHAM, MICHAEL WAYNE ELLIS
and NATIONWIDE INSURANCE COMPANY, Defendants

No. COA99-244

(Filed 7 March 2000)

**Process and Service— service of process—in-hand delivery not required**

The trial court erred in a negligence case by granting defendant city's motion to dismiss for insufficient service of process under N.C.G.S. § 1A-1, Rule 4(j)(5)(a) and lack of personal jurisdiction because the circumstances of this case reveal that there was no requirement of in-hand delivery to effect proper service since two affidavits show the deputy informed the employee at the reception area that he needed to see the acting city manager; the deputy was informed that the acting city manager was in a meeting in his office; the deputy said he had legal papers to deliver to the acting city manager; the deputy went to the acting city manager's office door and directed the acting city manager's attention indicating to him that he was being served with legal papers; and without objection or indication of rejection, the deputy handed the papers to the employee from the reception area.

Appeal by plaintiff from order entered 2 October 1998 by Judge E. Lynn Johnson in Durham County Superior Court. Heard in the Court of Appeals 17 November 1999.

*Thomas, Ferguson & Charns, LLP, by Jay H. Ferguson, for the plaintiff-appellant.*

*Faison & Gillespie, by Reginald B. Gillespie, Jr. and Keith D. Burns, for the defendant-appellee.*

LEWIS, Judge.

Plaintiff appeals from an order granting defendant City of Durham's ("City") motion to dismiss for insufficient service of process and resulting lack of personal jurisdiction. We reverse.

On 9 May 1997, plaintiff filed this negligence action against defendants City, Michael Wayne Ellis and Nationwide, alleging that while driving a truck owned by the City, Ellis backed into plaintiff's truck. Two summonses were issued the same day, addressed to acting

"City Manager, Cecil Brown," and "City Clerk, Margaret Bowers," respectively. On 9 May 1997, Deputy J.E. Brooks served the complaint and summonses in the offices of Mr. Brown and Ms. Bowers. The parties dispute, however, who actually was served and whether the personal service was sufficient. On 4 August 1997, plaintiff again attempted to serve Ms. Bowers by certified mail, return receipt requested. The certified mail was properly addressed to Ms. Bowers at City Hall, but the return receipt indicated that upon arrival, the summons and complaint were "unclaimed."

On 18 September 1997, the City filed an answer to the complaint alleging as its first defense insufficient service of process and lack of personal jurisdiction over the City and responded to the allegations of the complaint. On 29 May 1998, the City filed a motion to dismiss the complaint, alleging failure to institute proper service of process and failure to obtain personal jurisdiction over the City. The motion was granted by the trial court. In its order and judgment, the court concluded the summonses and complaint were improperly served and the court lacked personal jurisdiction pursuant to *Johnson v. City of Raleigh*, 98 N.C. App. 147, 389 S.E.2d 849 (1990). Plaintiff appeals.

The City argues that Deputy Brooks personally served process on Mr. Brown's secretary, Ila Newton, and the Deputy City Clerk, D. Ann Gray, both of whom are improper persons for personal service of process under our statutes and accompanying case law.

Rule 4 of the North Carolina Rules of Civil Procedure provides the methods in which a summons and complaint must be served in order to obtain personal jurisdiction over the defendant. N.C.R. Civ. P. 4. Rule 4(j)(5)(a) applies to cities and provides that the service upon a city is properly effectuated "by personally delivering a copy of the summons and of the complaint to its mayor, city manager or clerk or by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to its mayor, city manager or clerk." Rule 4 is strictly enforced to insure that a defendant receives actual notice of a claim against him. *Grimsley v. Nelson*, 342 N.C. 542, 545, 467 S.E.2d 92, 94, *reh'g denied*, 343 N.C. 128, 468 S.E.2d 774 (1996). In *Johnson v. City of Raleigh*, this Court held that Rule 4(j)(5)(a) "does not provide for substituted personal process on any persons other than those named in [Rule 4] (j)(5)(a)." 98 N.C. App. at 150, 389 S.E.2d at 851.

N.C. Gen. Stat. § 1-75.10(4) provides that notice given by registered mail is effective when actually received. Since the return

receipt reveals that the City did not actually receive the registered mail, we will consider whether service by personal delivery in this case was sufficient. As such, we must determine whether either the Acting City Manager, Mr. Brown, or the City Clerk, Ms. Bowers, was properly served through personal delivery.

Under G.S. 1-75.10(1)(a), where a defendant challenges personal service of the summons, proof of service shall be "by the [serving] officer's certificate thereof, showing place, time and manner of service." When this return of service on its face shows legal service by an authorized officer, that return is sufficient, at least *prima facie*, to show service in fact. *Williams v. Burroughs Wellcome Co.*, 46 N.C. App. 459, 462, 265 S.E.2d 633, 635 (1980). The *prima facie* evidence established by a valid return of service may be rebutted only by producing affidavits of *more than one* person showing *unequivocally* that proper service was *not* made upon the person stated in the return of service. *Grimsley*, 342 N.C. at 545, 467 S.E.2d at 94.

In an attempt to rebut plaintiff's *prima facie* evidence of valid service in this case, the City has produced two affidavits relevant to personal delivery to the acting city manager and two affidavits relevant to personal delivery to the city clerk. We conclude, however, that this evidence establishes *valid* service of process on the City. Because we need only find that service on one of the public servants mentioned in Rule 4 was proper to effect valid service on the City, we will only consider the evidence relevant to service upon Mr. Brown.

Ms. Newton's affidavit states:

4. On Wednesday, May 14, 1997, at approximately 9:37 a.m., a Deputy Sheriff of Durham County came to City Hall and to [the] reception area of the City Manager's suite of offices, and asked to see Mr. Brown, who at that time was in a meeting in his office.

5. I greeted the deputy, and informed him that Mr. Brown was in a meeting in his office.

6. The deputy said he had some legal papers to deliver to Mr. Brown. The deputy went to the door of Mr. Brown's office, which was open, and got Mr. Brown's attention to let Mr. Brown know he was delivering some legal papers. The deputy then handed those papers to me.

**CRABTREE v. CITY OF DURHAM**

[136 N.C. App. 816 (2000)]

In order to establish valid service of process, the plaintiff is not precluded from offering his own proof in addition to the officer's return of service. *Williams*, 46 N.C. App. at 462, 265 S.E.2d at 635. The plaintiff in this case produced an affidavit of Deputy Brooks in which he admitted to having no independent recollection of serving process in this case, but stated:

> 4. It was my unvarying practice when serving process on the [c]ity [m]anager or [c]ity [c]lerk to seek out the person to be served and to serve him or her personally. On occasions when the person was in a meeting, I might send the papers into the meeting by the hand of a secretary after getting the person's attention, but I always watched to be sure that the person to be served personally received the papers in my sight.

> 5. I never simply left papers to be served on a person in the care of another person . . . .

From Ms. Newton's affidavit, it appears that Deputy Brooks entered the office suite of the acting city manager, realized Mr. Brown was occupied, directed Mr. Brown's attention indicating to him that he was being served, and without objection or indication of rejection, handed the papers to Ms. Newton. Under the circumstances appearing from the affidavits of Ms. Newton and Deputy Brooks, there was no requirement of in-hand delivery to effect proper service in this case—the fact that Mr. Brown acknowledged the deputy's presence with knowledge that he was serving him was adequate. While we are mindful of our holding in *Johnson* that "delivery of the summons to a person other than the named official [is] insufficient to give the court personal jurisdiction over the City," 98 N.C. App. at 150, 389 S.E.2d at 851, we conclude that under the circumstances appearing from the affidavits of Ms. Newton and Deputy Brooks, process was properly served upon Mr. Brown. We therefore conclude that the trial court erred in granting defendants' motion to dismiss for insufficient service of process and resulting lack of personal jurisdiction.

Reversed and remanded.

Judges WYNN and MARTIN concur.